## SARAH STEPHENS v. RAILWAY OFFICIALS' & EMPLOYES' ACCIDENT ASSOCIATION.

1. INSURANCE. *Accident insurance. Interpretation of policy. Contracts.*
   The maxim *noscitur a sociis* may be resorted to in the intrepretation of a clause of doubtful meaning in an accident insurance policy.

2. SAME. *Case.*
   Where an accident insurance policy provides one measure of indemnity where the injuries or death result from external, violent and accidental means which leave a visible mark on the body, and another where no such mark is left, and following the second class there is an independent clause which provides that the association shall pay only one-tenth of the indemnity payable for injuries or deaths of the first class where the insured shall suffer an injury of the second class, which shall appear by an autopsy to have contributed to his death, or if "such injuries or death" shall result from the intentional acts of another person, the principle of *noscitur a sociis* affords a guide for the interpretation of such independent clause, which will not be suffered to limit a recovery of the full amount of the indemnity provided for injuries or deaths of the first class in a case where the head of the insured has been split open by another person.

FROM the circuit court of Lauderdale county.

HON. G. B. HUDDLESTON, Judge.

The appellant, who was the mother of Jeff Stephens, the insured, sued the appellee on an accident insurance policy, of which she was the beneficiary, containing the several stipulations set out in the opinion of the court. The appellee, among other defenses, pleaded that it was only liable for one-tenth of the amount of the policy. Appellant's demurrer to this plea was overruled, and the cause went to trial on an agreed statement of facts, showing that the insured was killed by one Stover, who split his head open with a shovel, there being no quarrel or fight between the parties in progress at the time. The court gave an instruction for the defendant to the effect that the plain-

tiff was entitled to recover only one-tenth of the amount of the policy and interest, and refused to charge the jury, at the plain- tiff's request, that the plea denying liability for more than one- tenth of the amount of the policy only applied to the case of a death resulting from the intentional act of another, when there was no visible, external mark on the body of the deceased. Ver- . dict and judgment for one-tenth of the sum insured and interest, and appeal by plaintiff.

*F. V. Braham* and *Fewell & Son,* for the appellant.

An analysis of the policy shows, beyond question, that death by the intentional act of another is not excepted out of the terms under which the association was to pay the full amount of the policy, where the death resulted from external, violent, and accidental means which leave a visible mark on the body of the deceased. The death was accidental according to all the decisions. *Robinson* v. *U. S. Mutual, etc., Co.,* 68 Fed. Rep., 825; *American Accident Co.* v. *Carson,* 36 S. W. Rep., 169; *Jones* v. *U. S. Mutual, etc., Co.,* 61 N. W. Rep., 485; *Phelan* v. *Trav. Ins. Co.,* 38 Mo. App., 640; *Healy* v. *Mutual, etc., Co.,* 25 N. E. Rep., 52; *Richards* v. *Trav. Ins. Co.,* 25 Pac., 762; *Fidelity & Casualty Co.* v. *Johnson,* 72 Miss., 333. But if there be ambiguity or doubt, it is to be resolved in favor of the appellant. *American, etc., Co.* v. *Wood,* 73 Fed. Rep., 81; *Goodwin* v. *Provident Co.,* 66 N. W. Rep., 157; *American, etc., Co.* v. *Reigart,* 42 Am. St. Rep., —; *S. P. Western, etc., Co.* v. *Home Ins. Co.,* 27 Am. St. Rep., 703; *Trav. Ins. Co.* v. *Murray,* 25 *Ib.,* 267; and cases cited in opinion of Judge O'Bryan, 20 *Ib.,* 754.

*J. A. P. Campbell,* on the same side.

The dividing line is between injuries which leave some· visible, external mark upon the person, affording indisputable evidence of their character, and injuries producing disability or death without leaving such mark. The prime object of the contract

is indemnity for injuries leaving such mark.' Certain injuries were excluded entirely, but in this enumeration intentional injury by another person is not included. The words "such injuries," as used in the clause limiting the indemnity to one-tenth of the sum insured, by reference to the language preceding them, are seen to relate to injuries leaving no external mark. See the accepted definition of such. Webster's Dic.; Standard Dic. Under the maxim of *noscitur a sociis*, the situation of the words relied on as limiting the indemnity to one-tenth, with reference to the other terms of the contract, must be taken to relate to those cases in which the cause of death is not indicated by any external mark on the body of the deceased. Undoubtedly, the general guaranty of indemnity embraces an injury by another which leaves a visible, external mark upon the body, and there is no exclusion of this cause in the exclusion accompanying the same. It is not disputed that the insured was killed, while passive, by another in a way that left such visible, external mark. *Insurance Co.* v. *Johnson*, 72 Miss., 333. Were it doubtful what the policy stipulates, it should be interpreted favorably to the beneficiary. The policy sued on differs widely from all those in which it has been held that recovery cannot be had for intentional injuries inflicted by another.

*Miller & Baskins*, for the appellee.

The death of the insured resulted from the intentional act of another person, and the liability of the appellee was, by the terms of the contract, limited to one-tenth of what would otherwise have been payable. *Hutchcraft's Exrs.* v. *Trav. Ins. Co.*, 87 Ky., 300. The insured covenanted to be bound by the stipulation thus limiting liability, and there is no reason why the courts should not enforce it. *Trav. Ins. Co.* v. *McConkey*, 127 U. S., 661. The construction of the contract contended for on behalf of appellant is unwarranted, whether the stipulation be taken by itself or in connection with the other terms of the instrument sued on.

WHITFIELD, J., delivered the opinion of the court.

The indemnity provided by the policy is broadly distinguished into two classes. First, against those injuries or death caused by external, violent, accidental, means, which leave a visible mark upon the body; and, second, against those injuries or death caused by means which leave no visible, external mark upon the body. The first category is then subdivided (*a*) into weekly indemnity against loss of time resulting from total disability so caused, of the amount and during the time, specified; (*b*) for indemnity against permanent disability, to the extent of one-half the face of the policy, on the terms specified in the clause governing that case; and (*c*) indemnity to the full amount of the policy, when death so results within ninety days from the injury, upon the terms in that clause stated.

After this first category there follows a specific enumeration of cases in which nothing shall be paid. Then comes a wholly separate and independent paragraph—disconnected entirely from what has gone before—providing for the second category, in which fall the cases wherein no visible, external mark is left upon the body. By this independent paragraph it is provided that the appellee will pay one-tenth of the face of the policy, where "the member shall suffer an injury of which there shall be no visible, external mark on his body, sufficient to cause death, and it shall appear by an autopsy that such injury contributed to his death, or if such injuries or death shall be caused by rupture, or hernia, or contact with poisonous substances, overexertion, excessive lifting, gymnastic sports, handling or using dynamite or other explosives, or if such injuries or death shall result from the intentional acts of any person other' than the insured, except as the result of quarreling or fighting, whether such other person be sane or insane."

It is to be noted carefully that there is no exception in the first category against liability, where the body shows the visible, external mark of violent, accidental death, when death is caused

by the intentional act of another than the insured.     That exception applies alone to the second category.     And this second category embraces the distinctive class of injuries " of which there shall be no visible, external mark on the body," and this class may include (*a*) cases of injuries or death caused by violent, external, accidental means, leaving no such visible, external mark; or (*b*) cases of injuries or death produced by secret and hidden causes, such as "contact with poisonous substances," etc., leaving no such visible, external mark; or (*c*) cases of such injuries or death resulting from the intentional act of another than the insured, leaving no such visible, external mark.     It thus clearly appears that all the cases provided for in this second category are cases in which there shall not be upon the body any visible, external mark.     And the words, "such injuries or death," preceding the words, "resulting from the intentional act of another," etc., of course—under the maxim, *noscitur a sociis*, etc.—mean injuries or death of like kind with those just before, in the same sentence specified —"such injuries or death" as those—that is, injuries or death where no visible, external mark is left on the body.

In this case the insured came to his death by the intentional act of another, which act left its visible external mark upon the body, his head having been split open.     The case falls manifestly, therefore, in the first category, and the plaintiff was entitled to recover the whole amount of the policy.     It was easy for the appellee to have put in the first category an exception against liability in case the insured suffered death where a visible external mark on the body was left as a result of the intentional act of another.     This it did not do, and the rule is fundamental that the provisions of insurance policies, usually prepared by the insurers, are to be construed most strongly in favor of the insured.

The cases cited by learned counsel for appellee are cases where the exception against liability for death resulting from the intentional act of another, in the particular instance, was

expressly made a part of the policy. They are *Travelers' Ins. Co.* v. *McConkey*, 127 U. S., 661, and *Hutchcraft's Exrs.* v. *Travelers' Ins. Co.*, 87 Ky., 300. The same insurance company was involved in both cases, and the clause in both policies provided, " No claim shall be made, under this policy, where the death may have been caused by . . . intentional injuries inflicted by the insured or any other person "—wholly different cases.

*Reversed and remanded.*