HUTSON *v.* CONTINENTAL CASUALTY CO.*

(Division B. March 22, 1926.)

[107 So. 520. No. 25454.]

1. INSURANCE. *Evidence of such drunkenness of person shooting insured as to render his act unintentional, within accident policy. held for jury.*

   Evidence of extreme drunkenness of person shooting insured, with testimony that he acted like he did not know what he was doing, that he acted like a crazy man, in connection with fact that he shot without any provocation, *held* sufficient to go to jury on question of the shooting not being intentional, within accident policy excluding death caused by intentional act of another.

2. EVIDENCE. *Nonexpert may give opinion on question of drunkenness of person, its degree, and effect on his mind.*

   Nonexpert may give opinion based on observation and surrounding facts and circumstances on the question of drunkenness of a person, the degree thereof, and its effcet on his mind.

3. INSURANCE.

   Killing of insured by intentional act of another is not accidental within policy expressly excluding it.

*Corpus Juris-Cyc. References: Accident Insurance, 1CJ, p. 431, n. 8; p. 442, n. 10; p. 443, n. 19 New; p. 508, n. 12 New; Criminal, Law, 16CJ, p. 105, n. 38; Evidence, 22CJ, p. 599, n. 30, 31, 32, 37; p. 604, n. 2, 3; Effect of provision in accident insurance policy exempting insurer

or limiting its liability in case of injury intentionally inflicted by another, see notes in 30 L. R. A. 206; 48 L. R. A. (N. S.) 524; Death or injury intentionally inflicted by another as due to accident or accidental means within meaning of accident insurance, see note in 20 A. L. R. 1123; 14 R. C. L., p. 1261; 3 R. C. L. Supp., p. 371; 4 R. C. L. Supp., p. 954; 5 R. C. L. Supp., p. 806.

Appeal from circuit court of Warren county.

Hon. E. L. Brien, Judge.

Action by Mattie Hutson against the Continental Casualty Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

*Robbins & Smith,* for appellant.

I. The issue in this case is whether Will Walls was so intoxicated as to be incapable of doing or performing an intentional act. The law is well established and it is recognized by appellee that if Walls was so intoxicated as to be incapable of doing an intentional act, the plaintiff can recover in this case. This identical question was considered by the supreme court of Alabama in *Continental Casualty Co.* v. *Cunningham,* 66 So. 40. This case is the leading case on the question involved here. This precise question, from our examination of the authorities, has never been passed on by our court.

The question of Walls' intoxication and the degree of such intoxication were questions of fact that were testified to by the witnesses for plaintiff and these questions were for the determination of the jury and not the trial judge. This issue of fact should have been submitted to the jury with appropriate instructions. *Continental Casualty Co.* v. *Cunningham,* 66 So. 40.

II. The court erred in sustaining the defendant's objection to all the testimony of the plaintiff's witnesses to the effect that Walls was drunk. The testimony of these witnesses on the vital issue of Wall's intoxication was admissible. The leading case on the admissibility of testimony of this character is *Commonwealth of Penn.*

v. *Eyler* (1907), 11 L. R. A. (N. S.) 639. See, also, *Graham* v. *Penn. Co.*, 12 L. R. A. 293, 21 Atl. 151; *Com.* v. *Sturtivant*, 117 Mass. 122, 19 'm. Rep. 401; *New England Glass Co.* v. *Lovell*, 7 Cush. 321. 1 Wigmore, sec. 235, lays down the correct rule. A case in which the principle involved is identical with the instant case is *Conn. Mut. Life Ins. Co.* v. *Lathrop, Admr.*, 28 L. Ed. (U. S.) 536.

The lower court erred both in sustaining of defendant's motion for a peremptory instruction and in excluding the testimony of the several witnesses relating to the drunkenness of Walls.

*H. Cassidy Holden,* also, for appellant.

There is another reason which must necessarily bring about a reversal. The evidence shows without dispute that Walls drew his pistol and killed Hutson without provocation of any kind, without cause, motive, or reason of any sort, and wholly without the slightest fault on the part of Hutson. So far as Hutson was concerned the killing was purely accidental. *It is a well-established rule that where the insured is intentionally injured by another, and the injury is not the result of misconduct or an assault by the insured, but is unforeseen in so far as he is concerned, the injury is accidental within the meaning of an accident policy which excepts liability for death by the intentional act of a third party.* Fidelity & Casualty Co. v. Johnson, 72 Miss. 333, 17 So. 2; *Baker* v. *Knights of Pythias,* 103 Miss. 374, 60 So. 333; *Mabee* v. *Continental Co.* (Idaho), 37 A. L. R. 348 and note at 356; *Kascoutas et al.* v. *Federal Life Ins. Co.* (Iowa), 22 A. L. R. 294 and note at 299; *Employers' Indemnity Corp.* v. *Grant,* 20 A. L. R. 1118, and note at 1123; *Gen., etc., Assurance Corp.* v. *Hymes* (Okla.), 8 A. L. R. 318, and note at p. 322; *Interstate, etc., Ass'n* v. *Dunn,* (Ky.), 6 A. L. R. 1333, and note at 1338; *Travelers Ins. Co.* v. *Dupree* (Ala.), 82 So. 579; *Orr* v. *Ins. Co.* (Ala.), 24 So. 997.

· We submit that the case at bar is controlled by the Johnson case. And the decision in this case is amply fortified and supported by the authorities above cited. Of course, where the insured commits an assault and brings about a difficulty or is the aggressor and is killed by his antagonist, the courts generally hold that no recovery can be had on the policy. See *Meister* v. *General, etc., Assurance Corp.* (Ore.), 4 A. L. R. 718, and note at 723. But even in some cases where the insured provoked the difficulty in which he was killed, the courts hold that recovery could be upon the policy. See *Lovelace* v. *Travelers Pro. Ass'n* (Mo.), 28 S. W. 877; *Union Casualty & S. Co.* v. *Harroll* (Tenn.), 40 S. W. 1080; *Erb* v. *Com. Mutual Accident Co.* (Pa.), 81 At. 207; *Hester* v. *Fidelity & Cas. Co.*, 69 Mo. App. 186. Of course, it is unnecessary to state that the question of whether or not Hutson was killed accidentally is purely a question of fact for a jury to determine.

*James D. Thames* and *E. O. Sykes,* for appellee.

The appellee, insurance company, defended the suit on the ground that the injury which caused the death of Son Hutson resulted from the intentional act of Will Walls. The appellant contends that at the time Walls shot and killed Hutson, Walls was so drunk that he was incapable of committing an intentional act and that he was so drunk at the time as to be temporarily insane. The court will have to examine the testimony for the purpose of ascertaining whether or not it presented a question of fact to be decided by the jury. From all the testimony, as we view it, it is insufficient to show that Will Walls was so drunk at the time as to dethrone reason, memory, and recollection, and prevent him from distinguishing between right and wrong. Therefore, the action of the lower court was proper.

The case of *Continental Casualty Co.* v. *Cunningham* (Ala.), 66 So. 41, presented an appeal by the insurance company wherein it was contended that certain instruc-

tions granted the appellee were incorrect. The court sustained the contention of the insurance company in that case. It was not contended there that the testimony of the drunkenness of McGuffin was insufficient to go to the jury. It is true that the court in the course of that opinion stated that this was a question of fact for the jury, in reversing the case. We doubt if the Alabama court would have held this testimony as to drunkenness sufficient, if this narrow question had been presented to it.

The true test is whether or not Walls was so drunk that his reason was so dethroned that he could not discern between right and wrong or form a rational intent. This rule is stated in *Corley* v. *Travelers Protective Ass'n,* 105 Fed. 854. The same rule is laid down in 1 C. J., p. 443, sec. 103.

The question of insanity is to be determined by the same rule as in a criminal case and an irresistible insane impulse is not sufficient. The intoxication must amount to temporary insanity. *Ryan* v. *Continental Cas. Co.,* 48 L. R. A. (N. S.) 524, at page 527 discusses cases of injuries inflicted by intoxicated or insane persons.

In the second brief filed for appellant it is ably argued that the killing was accidental even though Walls intentionally did it. This position would be true if the policy contained only the first clause. It is the second clause, however, upon which we rely, namely: "That the injury causing the loss (death) resulted from the intentional act of another." This particular clause was not involved in any of the Mississippi cases cited in the second brief. See 14 R. C. L., sec. 437, p. 1260.

The judgment of the lower court should be affirmed.

Argued orally by *N. Vick Robbins* and *H. C. Holden,* for appellant, and *E. O. Sykes,* for appellee.

ANDERSON, J., delivered the opinion of the court.

Appellant, Mattie Hutson, brought this action in the circuit court of Warren county against appellee, the Con-

tinental Casualty Company, on a casualty insurance policy to recover the sum of one thousand dollars. At the conclusion of appellant's evidence, on motion of appellee, the evidence was excluded and a verdict directed in favor of appellee, and a judgment accordingly entered, from which judgment appellant prosecutes this appeal.

Son Hutson, deceased, at the time of his death held a casualty insurance policy in the appellee company. The face of the policy was for one thousand dollars. In case of the accidental death of the insured the principal sum provided for in the policy was payable to appellant, his mother. While the policy was in force, the insured was shot to death with a pistol by one Will Walls. Appellee denied liability on the policy upon the ground that the death of the insured was not brought about by accidental means, but by the intentional act of Will Walls in shooting him to death.

The provision in the policy upon which the case turns is, in substance, that the principal sum (one thousand dollars) shall be payable to the beneficiary upon the death of the insured, caused by external, violent, and accidental means, but not if caused by the intentional act of another person. The question is whether or not the insured met his death by the intentional act of Will Walls, who shot him with a pistol, from which death resulted.

Appellant's position is that the insured's death was accidental and not intentional on the part of Will Walls, who took his life because the latter, at the time of the homicide, was so drunk as to be incapable of forming an intention, or understanding the nature and quality of his act. The evidence shows, without conflict, that Will Walls shot the insured without any provocation whatever, and that at the time of the homicide he was drunk. As to whether he was so drunk that he was incapable of forming a design to take the life of the insured, or distinguishing between right and wrong, the evidence tended to make the following case:

That at the time of the homicide, and for several hours previous thereto, appellant was drunk on whisky; that

two or three hours before the homicide, at another place than where the homicide occurred, he was drunk, staggering around, cursing, and shooting off his pistol; that, when he reached the scene of the homicide, he got out of the car in which he was traveling, staggered up against a fence, and leaned on it to keep from falling, remaining in that attitude until the shooting; that the witnesses smelled whisky on him; that he was drunk; that he was staggering; that he was leaning against the fence for support; that he was cursing; that he appeared not to know what he was doing; that he was "crazy" drunk; and that in that condition he pulled his pistol and placed it against the breast of the insured, and, without any provocation whatever, fired the pistol, causing the fatal wound. The trial court in ruling out this evidence necessarily held that it did not tend to establish that Will Walls, at the time he fired the fatal shot, was incapable of comprehending the nature and quality of the act he was doing.

There is no controversy between the parties as to the proposition that a person incapable from drunkenness or other cause of distinguishing between right and wrong, or, putting it differently, incapable of comprehending the nature and quality of what he is doing, is incapable of doing an intentional act. Was there sufficient evidence to go to the jury on the question whether Will Walls' act in taking the life of the insured was intentional?

Mere drunkenness is no excuse for crime, nor does it render the person incapable of committing an intentional act. But drunkenness may be to such a degree as to dethrone the mind; to destroy the capacity to distinguish between right and wrong; to so affect the mind that it is incapable of comprehending the nature and quality of an act committed. *Continental Caswalty Co.* v. *Cunningham,* 66 So. 41, 188 Ala. 159, L. R. A. 1915A, 538, was not as strong a case for the plaintiff as the present case. Passing on the question of the sufficiency of the evidence in that case to go to the jury, the court said:

"Where, as here, the evidence tends to show not only the drunkenness of the actor causing the injury, but also the degree of his drunkenness, and exhibits also contemporaneous conduct of an equivocal character, his capacity to do an intentional act is very clearly a question of fact for the jury"—citing authorities.

We think the fact of Walls' extreme drunkenness in connection with the testimony that he acted like he did not know what he was doing, that he acted like a crazy man, in connection with the further fact, which is undisputed, that he shot the insured without any provocation whatever, constituted sufficient evidence to go to the jury on the question of whether he shot the insured intentionally or not.

During the progress of the trial, opinion evidence of the witnesses as to the condition of Walls' mind, caused from drunkenness, was ruled out by the court on the objection of the appellee. This was error. Neither the issue of drunkenness nor insanity is confined to expert testimony. As to both, the nonexpert witness may give his opinion based on observation and the surrounding facts and circumstances. Common sense and the natural instincts of mankind reject the proposition that only experts can approximate certainty on such a subject. Drunkenness, and the degree of drunkenness, and the effect thereof on the mind of the person drunk, are matters about which all men have more or less knowledge according to their mental capacity and habits of observation. They are matters about which they may and do form opinions sufficiently satisfactory to constitute the basis of action. *Connecticut Mutual Life Insurance Co.* v. *Lathrop,* 4 S. Ct. 533, 111 U. S. 612, 28 L. Ed. 536; *Pennsylvania* v. *Eyler,* 66 A. 746, 217 Pa. 512, 11 L. R. A. (N. S.) 639, 10 Ann. Cas. 786.

Appellant argues that there should be a reversal of the judgment in this case upon another ground; namely, that under the authority of *Fidelity Casualty Co.* v. *Johnson,* 17 So. 2, 72 Miss. 333, 30 L. R. A. 206, the killing of the insured was accidental, although intentional, on the part of

Walls. This contention should be disposed of in order to avoid possible error in respect thereto on another trial of the case. The casualty policy involved in the Johnson case insured against "bodily injuries sustained through external, violent, and accidental means." The insured in that case lost his life at the hands of a mob. The court held that the death of the insured at the hands of a mob came within the terms of the policy; that it was an accidental death; that, in view of the fact that his death occurred without any agency on his part, it was accidental, although brought about designedly by a mob.

We think there is material difference in the policy in that case and the policy in the present case, in this: There is a provision in the policy here to the effect that it does not cover the death of the insured caused by the intentional act of another person. That stipulation was not in the policy involved in the Johnson case. This provision was doubtless inserted in the policy here to escape the doctrine of the line of cases upon which the Johnson case was founded. The Johnson case and the authorities upon which it was based hold that, where the life of the insured is taken intentionally, but without any provocation on his part, it is accidental; in other words, that, so far as the insured is concerned, even though intentional on the part of the person taking his life, it is accidental as to him. Under the policy here involved, it is expressly provided that there shall be no liability on the part of the appellee if the insured should lose his life by the intentional act of another person.

We are of the opinion, therefore, that the Johnson case has no application to the policy involved in this case.

*Reversed and remanded.*