ALDEN MILLS *et al. v.* PENDERGRAFT.[*]

(Division A. Feb. 27, 1928.)

[115 So. 713. No. 26891.]

1. MASTER AND SERVANT. *Whether foreman participated in assault on employee to intimidate employees demanding increased wages held for jury.*

Whether assault on employee was participated in by foreman, having duty to employ and discharge laborers and fix amount of wages, and was for purpose of intimidating employees to prevent them from demanding increase in wages, or to prevent those who had demanded increase from insisting thereon, *held* for jury.

2. MASTER AND SERVANT. *If assault on employee by foreman having duty to fix wages was made to intimidate employees demanding increased wages, it was in course of employment and in furtherance of master's business.*

If assault on employee was participated in by foreman, having duty to fix amount of wages, for purpose of intimidating employees and preventing them from demanding increase in wages, then assault was made in course of his employment and was in course of and in furtherance of his master's business, since fore-

man's duty to employ and discharge laborers and fix wages included duty to employ laborers for such wages as would enable employer to realize just profit on investment.

3. MASTER AND SERVANT. *Master is liable for servant's act in course of employment in furtherance of master's business, though in excess of authority.*

Where act complained of was in furtherance of master's business and within course of servant's employment, master is liable therefor although it was in excess of authority conferred by master on servant and was willfully and maliciously done.

---

*Corpus Juris-Cyc. References: Master and Servant, 39CJ, p. 548, n. 93; p. 1174, n. 2; p. 1285, n. 10; On liability of master for assault by employee acting within scope of his employment, see annotation in 24 A. L. R. 538; 40 A. L. R. 1209; 18 R. C. L. 807; 3 R. C. L. Supp. 851; 4 R. C. L. Supp. 1209; 5 R. C. L. Supp. 1003; 6 R. C. L. Supp. 1086.

APPEAL from circuit court of Lauderdale county.
HON. J. D. FATHEREE, Judge.

Action by Joe Pendergraft, by next friend, M. V. B. Miller, against the Alden Mills and others. From the judgment, defendants appeal. Affirmed.

*Bozeman & Cameron,* for appellants.

The principal error upon which we rely is that the court below refused to direct the jury to return a verdict for the defendants. The testimony fails to show that the assault was brought about by any negligence on the part of the master—the Alden Mills—or by the breach of any duty owed to Pendergraft, the person assaulted, by the master, and fails to show that the assault was made within the scope of the employment of either Goldman or Burt, the codefendants, in the furtherance of the master's business. According to plaintiff's own testimony, he was not an employee of the Alden Mills when the assault was made upon him. When he went back into the mill premises it was not to work or as an employee, but to

talk to Burt and Goldman. It was not an assault by a foreman upon a fellow servant, whose services he had the right to control. The inference most favorable to plaintiff to be drawn from plaintiff's testimony is that, as alleged in the declaration, Burt and Goldman had conspired to entice Pendergraft—a former employee who had tried to promote a strike among the doffers for higher wages, into the mill and to assault him as punishment therefor and to deter other strike agitators.

The burden was on plaintiff to prove that the acts of Goldman and Burt were both within the scope of their authority and were also done in furtherance of the master's business. 18 R. C. L. 795, note 1. Most of the assault cases in the Mississippi Reports brought against the master, involve assaults made in connection with some work being actually done by the person assaulted. *So. Lbr. Co.* v. *May,* 138 Miss. 27, 102 So. 854. The master is not liable for the wrongful assault by one servant on another, unless the servant, in making the assault, was acting within the course of his employment with a view to the furtherance of the master's business. *Hines* v. *Cole,* 123 Miss. 254, 85 So. 199; *Petroleum, etc.* v. *Bailey,* 124 Miss. 11, 86 So. 644; *Legrone* v. *M. & O. R. R. Co.,* 67 Miss. 592; *Given* v. *Southern Ry. Co.,* 94 Miss. 830; *Hines* v. *Green,* 125 Miss. 476; *American Ry. Express Co.* v. *Wright,* 128 Miss. 593. In all the above cases decided by this court for the defendant master, the assault arose about the business of the master. The mere fact that the master may have benefited by the assault would not make him liable any more than that some person should be liable for an assault made by his friend, in his interest, but without his concurrence or procurement.

*M. V. B. Miller,* for appellee.

Counsel contends that the inference most favorable to the plaintiff is that Burt and Goldman had conspired to

entice Pendergraft a former employee who had tried to promote a strike among the doffers, into the mill and to assault him to deter other strike agitators, and that therefore such acts are wholly without the scope of their employment or in the furtherance of the business of the Alden Mills. To maintain this position he cites the following authorities: *So. Lbr. Co.* v. *May,* 138 Miss. 27, 102 So. 858; *Hinds* v. *Cole,* 123 Miss. 254, 85 So. 199; *Petroleum Co.* v. *Bailey,* 124 Miss. 11, 86 So. 644; *Givens* v. *So. Ry. Co.,* 94 Miss. 830; *Lagrone* v. *M. & O.,* 67 Miss. 592; *Amer. Express Co.* v. *Wright,* 128 Miss. 593; *Hines* v. *Green,* 125 Miss. 476.

The position of counsel is unsound for two reasons: first, it is based on an inaccurate statement of facts, assuming that Pendergraft was not an employee. Second, the authorities cited absolutely hold that one filling the shoes of the master, as superintendent or foreman, and directing and controlling the services of an employee and acting within the scope of apparent authority, is acting absolutely for the master just the same as if the master himself as a natural person, had done the act. The court said in the *Lagrone case,* 67 Miss. 596: "Appellee's injuries were the effect produced by the negligent act of a fellow servant." The case at bar is much stronger on the question of superintendency than either the Morris or Givens case. *Petroleum Company* v. *Bailey, supra,* cited by counsel, is very similar to the Lagrone case. The court held that Daugherty and the plaintiff were fellow servants, and under the facts of the case, that the assault occurred when neither the plaintiff nor Daugherty were acting within the scope of their employment. The superintendent's only act was to stop the fight, but that the fight occurred between the plaintiff and Daugherty, who was only a fellow laborer. In *Hinds* v. *Green,* the question of whether they were fellow servants was not involved, but under the authority of this case it is clear that the acts of Burt and Goldman in as-

saulting Pendergraft was within the scope of their employment. In the case at bar the quarrel between Pendergraft and Goldman and Burt certainly was not a private quarrel. It was undisputed that it originated because Pendergraft asked for an increase of wages and threatened to strike unless this was given. Clearly under the authority of the *Green case, supra,* which was cited by counsel, it was a question for the jury as to whether Burt and Goldman were acting in the scope of their employment in assaulting the plaintiff. In the *Cole case, supra,* the court held that the parties were fellow servants and that when the foreman assaulted the plaintiff he was not acting in the course of his employment and with a view to the furtherance of the master's business, for the reason that neither was employed to supervise, control or direct the work of the other.

In the case at bar, the facts are quite different. Burt and Goldman controlled, directed, and superintended the work of the appellee. *American Express Co.* v. *Wright,* 128 Miss. 593, was a case of a suit against the Express Company for a fur that was left in the express company's office, nor for transportation, but for the convenience of the party leaving it. The court held that the express company was not engaged in the business of checking parcels left there for the convenience of the public, but was engaged in the transportation of goods, and that, therefore, whatever occurred was not about the express company's business, but grew out of an unauthorized act on the part of its employee in agreeing to take care of the fur for the party leaving it there. In *Great Southern* v. *May, supra,* the court said, "Tally had no control or direction of the services of May. Neither one stood in the master's shoes in relation to the other, and the act of Tally cannot be said, under the facts of this case, to be the act of the master." The facts in the case at bar and in the Cole case are quite different. Under the authority of the May case, the appellants are liable to the appellee.

It was not even argued below that the fellow servant rule did apply. *Bradford* v. *Taylor,* 85 Miss. 409; *Morris* v. *Brookhaven R. R. Co.,* 88 Miss. 539; *Givens* v. *So. R. R. Co.,* 94 Miss. 855, and *Indianola Cotton Oil Co.* v. *Crowley,* 121 Miss. 262, 83 So. 409, are conclusive on the fellow servant question under the facts of the case at bar. *Bergman* v. *Hendrickson,* 80 Am. St. Rep. 47. Even if Burt and Goldman had been expressly prohibited from using force under the circumstances which we maintain that they were not, still the master would be liable. *Avondale Mills* v. *Bryant* (Ala.), 63 So. 932; *Ragahn* v. *Moore Mfg. Co.,* 79 Miss. 576. Whether the act of the servant complained of was within the scope of his duty while acting in furtherance of his master's business is generally to be determined by the jury as a matter of fact and not by the court as a matter of law. *Deck* v. *B. & O. R. R. Co.,* 100 Md. 168, 59 Atl. 650, 108 Am. St. Rep. 399.

Counsel's only further contention is this: "The overwhelming weight of the testimony was against the plaintiff, and in favor of the defendants, and that the court below erred in refusing to give the peremptory instruction asked by each of these defendants." We submit there are few, if any, records showing more conflicts in the testimony than the record in this case before the court now.

SMITH, C. J. The appellant is a corporation operating a hosiery mill which runs both night and day. J. Samuel Goldman is its day foreman, and Alpha E. Burt is its night foreman. Both Goldman and Burt are authorized to employ and discharge laborers, and Goldman, but not Burt, is authorized to determine their wages. Pendergraft was an employee of the mill, working on the night shift. On the night of the 7th of October, 1926, Pendergraft and several other of the appellant's employees decided to, and informed Burt that they would, leave the

appellant's employ unless their wages were raised. Burt advised them that he had no authority to raise their wages, but for them to return to work, and that the matter would be referred to Goldman the next day, who would then determine whether or not their request would be granted. They accepted Burt's advice and worked during the remainder of the night. Pendergraft returned to the mill the next afternoon at 5:30, a short time before the change from the day to the night shift. The declaration alleges that "he did not report for work," and it is stated in the brief of counsel for the appellant that, "according to plaintiff's own testimony, . . . he was not an employee of the Alden Mills when the assault was made upon him."

According to Pendergraft's evidence, he was in a restaurant near the mill at 5:30, when he was approached by Goldman, who told him that he and Burt wished to see him (Pendergraft) in the office; that he went into the mill, where he was assaulted and beaten by Burt in Goldman's presence, Goldman, at the time stating, "I will learn the son of a bitch how to make up a strike."

According to the evidence for the appellant, what Goldman did when he saw Pendergraft was to discharge him and tell him to report at the office, where he would be paid what the appellant owed him for services theretofore rendered, and that Burt thereafter struck Pendergraft under such circumstances as to impose no liability therefor on the appellant.

The purpose for which the declaration alleges that Goldman and Burt assaulted Pendergraft was "in order to further their master's business of securing labor as cheaply as possible, and in order to prevent any attempt on the part of the employees to band themselves together, or an attempt to secure an increase in wages, and in order to intimidate all of said employees so that they could control them more easily, unlawfully and willfully entered into a conspiracy to entice the plaintiff back to said mill and unlawfully beat and batter him."

The appellant contends that it was entitled to a directed verdict for two reasons: (1) The overwhelming weight of the testimony supports Goldman's version of the assault; and (2) that if the assault was made on Pendergraft as claimed by him, that Goldman and Burt in making it, were not acting in the course of their employment, and in furtherance of the appellant's business.

Pendergraft's version of the manner and circumstances under which the assault on him was made was supported by evidence sufficient to require its submission to the jury, so we come, at once, to the appellant's second contention.

Burt's relation to the appellant will be here left out of view, and the liability *vel non* of the appellant will be determined in the light of Goldman's relation to it.

There was necessarily included in Goldman's duty to employ and discharge the appellant's laborers, and to fix the amount of their wages, the further duty to employ laborers for such wages as would enable the appellant to realize a just profit on its investment. One method of doing this would be to induce or prevent these laborers from demanding, or, after demanding, from insisting on, an increase in wages over that fixed by Goldman, and for which they had agreed to work. If the assault on Pendergraft was participated in by Goldman, and was for the purpose of intimidating the appellant's employees, and thereby prevent them from demanding an increase in wages, or prevent those who had demanded an increase in wages from insisting thereon, which questions were for the determination of the jury, then the assault was made in the course of, and as a means to, the accomplishment of one of the purposes of Goldman's employment, and therefore in the course of and in furtherance of his master's business.

It does not appear that the appellant specifically authorized Goldman to employ violence in inducing the laborers to be content with their wages; nevertheless, the

appellant is liable for the use which the jury here found was made by him of violence for that purpose. If the act complained of was in furtherance of the master's business, and within the course of the servant's employment, the master will be liable therefor, although it was in excess of the authority conferred by the master on the servant (39 C. J. 1285) and was wilfully and maliciously done (*Richberger* v. *Exp. Co.,* 73 Miss. 161, 18 So. 922, 31 L. R. A. 390, 55 Am. St. Rep. 522). Compare *Natchez, C. & M. R. R. Co.* v. *Boyd,* 141 Miss. 593, 107 So. 1; *Hines* v. *Green,* 125 Miss. 476, 87 So. 649; *Davis* v. *Green,* 260 U. S. 349, 43 S. Ct. 123, 67 L. Ed. 299.

*Affirmed.*