353 So.2d 1370 (1978)
Rollie Wayne ODIER, Plaintiff-Appellant,
v.
William Andy SUMRALL, Executor of the Estate of Kerry D. Kimbrough, Deceased, and Kimbrough Investment Company, Defendants-Appellees.
No. 49749.
Supreme Court of Mississippi.
January 18, 1978.
Robert W. King, Roy D. Powell, Jackson, for plaintiff-appellant.
Butler, Snow, O'Mara, Stevens & Cannada, Junior O'Mara, Baine, Moore, Simmons & Thompson, Louis G. Baine, Jr., Clifford C. Thompson, Jackson, for defendants-appellees.
Before PATTERSON, C.J., and ROBERTSON and SUGG, JJ.
PATTERSON, Chief Justice, for the Court:
Rollie Wayne Odier sued Kerry D. Kimbrough and Kimbrough Investment Company for injuries he received in attempting to seat himself in a chair. The Circuit Court of the First Judicial District of Hinds County sustained a general demurrer of Kimbrough Investment Company to the declaration and the cause between Odier and Kerry D. Kimbrough was tried resulting in a verdict for the defendant. On appeal Odier argues the trial court erred in sustaining the demurrer of Kimbrough Investment Company, the verdict was against the overwhelming weight of the evidence and he should have been granted a peremptory instruction against Kerry D. Kimbrough.
Appellant first contends the demurrer of Kimbrough Investment Company was erroneously sustained. We think it was. The second amended declaration reads in part as follows:

*1372 2. That on or about the 17th day of May, 1974, the Plaintiff was at his usual place of employment at the Veterans Administration on East Woodrow Wilson Avenue in the City of Jackson, Hinds County, Mississippi; that at said time and place, Plaintiff was working at his desk in a large office with other people working at their desks; that at said time and place, the Defendant, Kerry D. Kimbrough, in the line and scope of his employment with the Defendant, Kimbrough Investment Company, came into said office to see one of the Plaintiff's co-workers, Seth Hobert, and was standing behind Plaintiff's chair and in front of Hobert's desk; that the said Seth Hobert left his desk momentarily and while he was away from his desk the Plaintiff continued working, not giving any attention that the said Kerry D. Kimbrough was standing nearby; that the Plaintiff arose from his chair and reached across his desk to get some papers, not paying any attention to the fact that the Defendant, Kerry D. Kimbrough, was standing nearby; that at the time the Plaintiff arose from his chair, he pushed his chair slightly back and while Plaintiff was standing, the Defendant Kerry D. Kimbrough carelessly, imprudently, and negligently, and with a gross disregard for the rights and safety of the Plaintiff, and with a gross indifference for the consequences, moved Plaintiff's chair back about two feet; the Defendant Kerry D. Kimbrough then negligently and carelessly failed to warn the Plaintiff that he had moved said chair and as the Plaintiff sat down, he missed the chair and sat down hard on the tile floor causing his back and neck to strike the seat of the chair and his elbow to strike the wall, causing severe and painful injuries to his neck and back and right elbow.
3. That at said time and place, the Defendant, Kerry D. Kimbrough, was acting in the full line and scope of his employment as an employee of Kimbrough Investment Company, was attending to his employer's business, and was, therefore, an agent for the Defendant, Kimbrough Investment Company; and that the Defendant, Kimbrough Investment Company, is, therefore, answerable to the Plaintiff and liable to the Plaintiff for the acts and omissions of its servant, Kerry D. Kimbrough.
It is of course established that the master is responsible for the torts of his servant only when they are committed within the scope of his employment. The test used in determining whether an employee's tortious act is within the scope of his employment is whether it was done in the course of and as a means to the accomplishment of the purposes of the employment and therefore in furtherance of the master's business. Sears, Roebuck & Co. v. Creekmore, 199 Miss. 48, 23 So.2d 250 (1945); Alden Mills v. Pendergraft, 149 Miss. 595, 115 So. 713 (1928). For the master to avoid liability because of the act of his servant it must be that at the time of the act the servant had abandoned his employment and was about some purpose of his own not incidental to the employment. Loper v. Yazoo & M.V.R. Co., 166 Miss. 79, 145 So. 743 (1933); Canton Cotton Warehouse Co. v. Pool, 78 Miss. 147, 28 So. 823 (1900).
The weight of authority is that a servant's unauthorized conduct does not place it beyond the scope of his employment provided it is of the same general nature as that authorized or is incidental to the employment. In Loper, supra, the following was stated:
Whether a servant's unauthorized conduct is of the same general nature as that authorized or incidental to the conduct authorized is a question of fact arising in each case on the evidence, and must be considered and determined as all other questions of fact are. If the evidence relative thereto is in conflict, or, if not, and only one reasonable inference can be drawn therefrom, the question is for the decision of the judge; but, if there is conflict therein, or more than one reasonable inference can be drawn therefrom, the question is for the decision of the jury under proper instructions. Ill. Cent. R. *1373 Co. v. Latham, 72 Miss. 32, 16 So. 757... .
(166 Miss. at 85-86, 145 So. at 745)
See also Eagle Motor Lines, Inc. v. Mitchell, 223 Miss. 398, 78 So.2d 482 (1955); Lovett Motor Co. v. Walley, 217 Miss. 384, 64 So.2d 370 (1953); Barmore v. Vicksburg, Shreveport & Pacific Railway Co., 85 Miss. 426, 38 So. 210 (1905).
We are of the opinion the declaration alleged facts sufficient to state a cause of action against Kimbrough Investment Company necessary to be decided in a trial on the merits. In reaching this opinion we observe the plaintiff did not allege that Kerry D. Kimbrough intentionally moved the chair but rather it was moved "carelessly, imprudently, and negligently, and with a gross disregard for the rights and safety of the plaintiff ..." and "carelessly failed to warn the Plaintiff that he had moved said chair" while within the scope of his employment as an employee of Kimbrough Investment Company. We conclude the trial court erred in sustaining the demurrer.
Odier next contends the verdict was against the overwhelming weight of the evidence and his requested peremptory instruction should have been granted. The evidence is that Odier was working at his desk in his office at the Veterans Administration, hereinafter V.A., in Jackson, Mississippi, on May 17, 1974. Kerry D. Kimbrough came by to see Seth Hobert, an employee of the V.A., on business of Kimbrough Investment Company. Hobert's desk was to the rear of Odier's and while Kimbrough was conversing with Hobert, his hand and arm rested on the back of Odier's chair. Hobert left the office to obtain a file at about which time plaintiff arose from his chair to obtain some object across his desk pushing his chair slightly to the rear. At that time Kimbrough straightened his arm, pulling the chair back approximately eight inches. His testimony was:
A... . But what took place in essence, Wayne got up, reached across his desk, slightly pushed his chair back. When he did, not thinking, I just straightened my arm up like this. And still turned at this angle. Well, when I straightened my arm up, that pulled the chair back another, I guess, maybe 
BY MR. KING: We object to guessing.
A. It pulled the chair back eight inches.
BY THE COURT: You can make an approximation.
A. An approximation of six to eight inches, or so. So, with the amount that Wayne pushed his chair back originally, and when I straightened my arm up, then out of the corner of my eye, I saw Wayne start to sit down. And everything happened so quick that I couldn't  I wasn't thinking about exactly what I had done. Like I said, it was just a reflex motion when he stood up for me to straighten my arm up and lean back against the chair.
According to another witness, while Odier was standing, Kimbrough looked about and then put four fingers under the edge of the chair and moved it some twelve inches to the rear. Odier testified that he did not look back before attempting to reseat himself and Kimbrough testified that when Odier began to sit down he did not have time to warn him and Odier's posterior caught the edge of the chair pushing it further back and he fell to the floor.
In falling Odier struck his shoulders and neck on the seat of the chair and his arm struck the wall. Kimbrough assisted plaintiff from the floor and testified that he told Odier he was sorry the incident had occurred. Odier testified that Kimbrough told him he was sorry that he moved the chair and thought he could get it beneath him before he sat down. There is no suggestion of animosity between the plaintiff and the defendant before the occurrence.
Odier felt no immediate pain from the fall but later developed a headache which became progressively worse, necessitating, according to him, examination by numerous physicians whose diagnoses have ranged from acute cervical strain to emotional illness.
*1374 The testimony of Odier and Kimbrough, corroborated by another witness, unequivocally established that the chair was moved to the rear, either intentionally or unintentionally, by Kimbrough when Odier arose. Odier's fall was also uncontradicted. The jury's verdict for the defendant was against the overwhelming weight of the evidence because there is no evidence that Kimbrough did not move the chair. The jury's verdict could be justified, if at all, only upon its finding that the injuries complained of were not the proximate result of the fall. Without comment concerning the seriousness of Odier's injuries, we think it is uncontradicted that the fall caused some pain and suffering entitling him to nominal damages at the very least. We conclude, as we think we must, the verdict of the jury was against the overwhelming weight of the evidence.
It is next contended, and we agree, that Odier was erroneously refused a peremptory instruction establishing the liability of Kerry D. Kimbrough. The facts previously set forth, particularly the admissions of Kimbrough that he moved the chair, establish his negligence which caused Odier to fall and was the proximate cause of at least some injury entitling Odier to some damages. The peremptory instruction, in our opinion, should have been granted.
Odier argues the defendant was erroneously granted a contributory negligence instruction. We are of a contrary opinion because Odier admitted he did not look back before attempting to reseat himself. This established a proper basis for the contributory negligence instruction which the jury was entitled to consider in diminishment of damages.
In sum, we are of the opinion the trial court erroneously sustained the demurrer of Kimbrough Investment Company, erroneously refused a peremptory instruction establishing liability as against Kerry D. Kimbrough and erroneously overruled the motion for a new trial because the verdict of the jury was against the overwhelming weight of the evidence.
The case was considered by a conference of the justices en banc.
REVERSED AND REMANDED.
INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.