PROVIDENT LIFE & ACCIDENT INS. CO. *v.* McWILLIAMS.*

(Division B.   Feb. 14, 1927.   Suggestion of Error Overruled March
14, 1927.)

[112 So. 483.   No. 26027.]

INSURANCE.   *Act of insane person is not intentional, within accident
policy's provision excluding injury from intentional act.*
Provision of accident policy, excluding injury from intentional act,
does not apply to act of insane person.

---

*Corpus Juris-Cyc. References: Accident Insurance, 1CJ, p. 443, n.
17; p. 504, n. 48.

APPEAL from circuit court of Chickasaw county, Second district.

HON. T. E. PEGRAM, Judge.

Action by Mrs. Emma L. McWilliams against the Provident Life & Accident Insurance Company.   Judgment for plaintiff, and defendant appeals.   Affirmed.

*Stovall & Stovall* and *Sizer, Chambliss & Sizer,* for appellant.

The sole issue in this case is whether or not Ed Davenport was sufficiently insane to render his killing the insured, McWilliams, unintentional.   The burden of showing this is on the plaintiff and until plaintiff has sustained this burden defendant cannot be put to its proof.   *Travelers Ins. Co. v. Houston,* 3 Tex. App. Civ. Cases, section 429.   See, also, 1 C. J., "Accident Insurance," section 289, page 498; *Hutson* v. *Continental Cas. Co.,* 107 So. 520; *Nat'l Life & Accident Co.* v. *Hannon,* 101 So. 892; 4 Cooley's Briefs on the Law of Insurance, page 3211.

There is, of course, no question but that a sufficient degree of insanity can render a person entirely irre-

sponsible for his acts and the acts themselves mere phys-
ical motions, not guided by any mental activity at all.
And there is no question but that a person so afflicted
would not be responsible for crime, and his acts would
be unintentional. In the attempt to define the border
line between sanity and legal responsibility, there have
been written countless opinions dealing with hair-split-
ting definitions, but when they are all sifted down to
the underlaying basic principle the question is, in plain
everyday language, Was the mind of the subject capable
of formulating and carrying out the plan or intention of
committing the crime?

The evidence in this case, taken as favorable for the
plaintiff as possible, shows no more than that Ed Dav-
enport was somewhat of a crank, inclined to be moody
at times and easily excited and possessed of a rather
high temper; that during the dispute before the Labor
Board, with reference to his seniority over McWilliams,
he conceived the idea that Conductor A. S. Miller was
using his influence to hinder him and help McWilliams;
that this idea of Davenport's was erroneous because in
fact Miller was not helping McWilliams; but, neverthe-
less, laboring under this idea Davenport developed an
intense hatred for Miller; and that this hatred for Mil-
ler and the bitterness of the controversy with McWil-
liams worked Davenport up to such a pitch that he
deliberately tried to kill both of them, and succeeded in
killing one and wounding the other. According to the
opinion of the expert, Dr. Buchanan, these facts showed
that Davenport was insane; but, nevertheless, in spite
of his insanity he was capable of forming, and did form
and carry out, the intent to kill McWilliams and his mo-
tive was the destruction of these people who were in-
terfering with him in his attempt to secure a job. It
is defendant's insistence that this proof is not sufficient
to go to the jury in this case. *Rider* v. *Preferred Acc.
Ins. Co.*, 107 N. Y. S. 974, is directly in point.

All the plaintiff here can claim to have proved is "mere insanity.;" and since she has also proved that Davenport even though insane had the capacity to do an intentional act, and that he did intend to kill the insured, we earnestly insist that the court should direct a verdict in favor of the defendant.

*L. P. Haley* and *Geo. Bean,* for appellee.

The only issue in this case is whether or not Ed Davenport realizing the consequences of his act, intended to kill the insured, Carl McWilliams. *Hutson* v. *Continental Casualty Co.,* 107 So. 520, covers every proposition involved in the case now before the court; is comprehensive in its details, and settles the law in this state so far as this case is concerned. The Hutson case decided that the capacity to do an *intentional* act is very clearly a question of fact for the jury.

A provision exempting a company from liability for death from "intentional" injury inflicted by the insured or any other person does not preclude a recovery where the insured was killed by an insane person, incapable of forming a rational intent. One of the leading cases on insanity in this state is *Cunningham* v. *State,* 56 So. 269. See, also, 14 R. C. L., page 522.

Argued orally by *R. C. Stovall* and *Burnett Sizer,* for appellant, and *L. P. Haley* for appellee.

Holden, P. J., delivered the opinion of the court.

This case is here on appeal for the second time. See *Provident Life & Accident Insurance Co.* v. *Mrs. Emma McWilliams,* — Miss. —, 107 So. 527. Upon the former appeal the judgment of the lower court was reversed, for the reasons given in the opinion of the court. The case was tried again, which resulted in a judgment for two thousand three hundred dollars in favor of Mrs. Mc-

Williams for the accidental death of her husband, who was shot and killed by one Ed Davenport.

The recovery is based upon an accident insurance policy, which provided for indemnity for accidental injuries to Carl McWilliams, husband of the appellee, and, among other things, the policy sued on contained the following clause:

"This policy does not cover injuries, fatal or nonfatal, sustained by the insured. . . . (4) If said fatal or nonfatal injury resulted from . . . an intentional act of the insured or of any other person. . . ."

In the case before us, the insured, McWilliams, who was serving as a flagman on a passenger train of the Mobile & Ohio Railroad, was shot and killed by Ed Davenport, a passenger on the train, who became suddenly enraged on account of an imaginary wrong, and proceeded to shoot McWilliams to death. The conductor, Miller, was sitting in the negro coach, as was also McWilliams, at the time Davenport entered the car through a rear door. Davenport took three steps past McWilliams, and then stopped and deliberately aimed at him with a 32-caliber pistol and shot him down. Davenport then turned and shot at Miller two or three times, wounding him once, before he could grapple with Davenport in an effort to take the pistol from him. Miller, being unable to get the pistol away from Davenport, fled into the passenger coach and closed the door behind him, pressing his feet against it to prevent Davenport from entering the car. Seeing that he could not get into the car, Davenport began to shoot at Miller through the glass partition of the door, causing Miller to run to the rear of the train, which had stopped by this time, and get off, followed by all of the passengers, who were frightened.

Mason, one of the passengers picked up McWilliams, who was lying in the aisle of the car, and, as he did so, Davenport shot McWilliams three times again, and this shooting caused Mason to flee for safety. Other shots were fired on the train. McWilliams was mortally wound-

ed, and died shortly after he was shot. Davenport was found in a seat in the negro coach, shot through the head, from which wound he died in a short while. Davenport, according to the circumstantial evidence, committed suicide.

At the trial the insurance company defended against the payment of the accident benefit on the ground that the policy did not cover the death of the insured, because of the provision, referred to above, which excluded liability for an injury resulting from an intentional act of the insured or of any other person, and that the death of McWilliams was due to the intentional shooting by Davenport.

The plaintiff below contended that the excluding provision in the policy did not apply in the case at bar, because the person who intentionally shot the insured was insane at the time and not capable of shooting intentionally; that the intentional shooting provided against in the policy meant such shooting or injury as might be intentionally done by one who was rational at the time, and not by one who was insane, and suffering from such impairment of mind as would render him incapable of acting intentionally.

The insurance company also maintained that, regardless of whether the injury was inflicted by a sane person, the provision of the policy excluding this character of injury would apply, because the language of the provision clearly provides that any intentional act causing the injury will defeat indemnity, for the reason that the language was intended to exclude recovery for an injury caused by any intentional act of any person.

At the trial below the plaintiff offered an abundance of testimony, both expert and nonexpert, which tended to show that Davenport was insane, and not capable of acting rationally, at the time he killed McWilliams. We have examined this testimony, and, while some of the witnesses gave it as their opinion that Davenport was insane, which opinion was based on scanty facts, still

there was a great deal of competent and convincing proof that Davenport was not only insane, but violently so, at the time he shot and killed McWilliams.

The jury certainly had enough evidence before it to properly decide that the act of Davenport was that of an insane man; and, this being true, the case at bar comes clearly within the rule announced in the case of *Hutson* v. *Continental Casualty Co.,* — Miss. —, 107 So. 520. The judgment of the lower court, therefore, must be upheld, unless the other contention of the appellant, that the provision against indemnity included the act of an insane person the same as that of any other person.

On this last proposition, we do not think the contention is sound, because the principle that one must be sane or rational before he can be capable of intentionally committing an act is already established as the law in the *Hutson case, supra,* and applies to the provision in the policy here which attempts to exclude liability for injury inflicted intentionally upon the insured. Therefore we hold that the provision in question does not apply, unless the intentional act is that of a rational person.

The decision of the lower court is affirmed.

*Affirmed.*