TRI-STATE TRANSIT CO. v. MOORE.

(Division A.   May 20, 1940.)

[196 So. 231.   No. 34099.]

For former decision per curiam see 195 So. 696.

**Bailey & Gillespie**, of Meridian, for appellant.

**M. V. B. Miller**, of Meridian, for appellee.

**Griffith, J.**, delivered the opinion of the court on suggestion of error.

The judgment in this case was affirmed on a former day without a written opinion, because we saw no reversible error in the instructions when read as a whole; and as to the principal contention that the verdict was without the substantial support of believable evidence, we could not say with entire confidence that the point was well taken, which we must be able to do before we may interfere with a verdict on the facts. Yazoo & M. V. R. Co. v. Van Smith (Miss.), 196 So. 230.

Appellee claims that he was struck and injured by a passenger bus of appellant sometime before daylight of the morning in question. Appellee says that he was standing eight or nine feet to the north of the concrete pavement, when the bus, traveling at a high rate, sudden-

ly swerved away from the pavement, and struck him. Such a statement, if it stood alone, would put a heavy, if not unbearable, strain on credulity,—in fact, it might be met with derision; but it was explained and shown that a cow had crossed the road as the bus was approaching, and, at the time of the alleged injury, was at or near the south side of the pavement at the point opposite the place where appellee was standing; and the jury could, with reason, conclude that the bus driver, having his attention thus definitely directed to the cow, had made the swerve in order to be certain to miss her.

There are other features in the testimony, aside from the one just mentioned, which raise a grave suspicion that the versions given by appellee's witness are not in accord with the truth; but stories containing unusual or suprising assertions may sometimes carry within themselves considerable evidence of their integrity, for if fabricated in their entirety, the fabrication would probably have been better done. Appellant puts this question. Does not the testimony that is unbelievable in substantial parts so contaminate the portions that are believable that the whole must be rejected as part of a design?

No categorical answer can be given to that question, one precisely applicable to every case in which it may arise, much as the Court might be willing to attempt it. However, it may be interesting to note in this connection that the proper form of an instruction to the jury in the presentation of this consideration is: The court instructs the jury that they are the sole judges of the credibility of witnesses and if they believe from the evidence that any witness in this case has willfully, knowingly and corruptly sworn falsely as to any material fact testified to, then the jury may disregard the entire testimony of such witness, or they may believe a part and reject a part. Farley v. Smith, 158 Miss. 404, 130 So. 478. In that case it was held, in accord with previous cases, that it is error to omit from the instruction the

elements that the false swearing was "wilfully, know-inly, and corruptly" done; and it is to be observed that even with that before the jury, they may nevertheless accept a part and reject a part.

Suggestion of Error Overruled.