## WILLIAMS *v.* CLARK.

No. 41085 April 6, 1959 110 So. 2d 365

*Fountain D. Dawson, Kellner & Kellner,* Greenville, for appellant.

*Philip Monsour,* Greenville, for appellee.

GILLESPIE, J.

Appellant, plaintiff below, sued appellee, defendant below, for actual and punitive damages for an alleged assault and battery committed upon the appellant by the appellee. The jury returned a verdict for the defendant and plaintiff appeals.

Since the conflicts in the evidence were resolved in favor of appellee, we shall disregard the testimony offered by appellant where there is any conflict.

Appellee operated a poolroom in Greenville, Mississippi. He kept a metal money box in a cabinet behind the counter. Appellee left the place of business for a short time, and while he was gone one Langdon was in charge. When appellee returned, he checked the money box and found $368.40 missing. Langdon told appellee that he had gone out the rear door to get some beer from the beer house and was out of the poolroom some three or four minutes. Four people told appellee that appellant was behind the counter and at least one of them told him that Williams got something out of the metal cash box. After this occurrence, appellee contacted the

police and sought their assistance in finding appellant. Appellee and the police were unable to find appellant immediately. Sometime later appellee went to a liquor store located some three miles from town where he found appellant. When he saw appellant, appellee said to him: "Williams, you son of a bitch, come here and give me my money." Appellee also testified that, "I shoved him back and told him to empty his pockets on the back of a chair and I said there wasn't more than $60 or $70 there and I patted his pockets to see if he had any more." When appellee did not get all of his money that he thought appellant had, he said to appellant, "Well, Williams, you are going to make me take you to the police station and if I can I am going to send you to the pen."

Appellee then took appellant to the police station where appellant was put in jail, later transferred to the county jail. His case was presented to the grand jury which returned a "no-bill," and the police gave back to the appellant the money appellee had taken from him. Appellee stated that his only motive was to find Williams and try to get his money back. No warrant for the arrest of appellant was obtained.

Appellant contends that he was entitled to a peremptory instruction on liability. Appellee contends that he had probable cause to believe that appellant had stolen his money and thereby had committed a felony, and that under Section 2470, Mississippi Code of 1942, appellee had the right as a private citizen to arrest appellant.

 We are of the opinion that appellee had reasonable ground to suspect and believe appellant had committed a felony, and that appellee had a right under the statute to make the arrest. The statute giving that right is Section 2470, Mississippi Code of 1942, as follows:

"An officer or private person may arrest any person without warrant, for an indictable offense committed, or a breach of the peace threatened or attempted in his

presence; or when a person has committed a felony, through not in his presence; or when a felony has been committed, and he has reasonable ground to suspect and believe the person proposed to be arrested to have committed it; or on a charge, made upon reasonable cause, of the commission of a felony by the party proposed to be arrested. And in all cases of arrests without warrant, the person making such arrest must inform the accused of the object and cause of the arrest, except when he is in the actual commission of the offense, or is arrested on pursuit."

 ██ We are also of the opinion that the evidence conclusively shows that appellee acted in anger and in an insulting manner at the time of the alleged arrest, and that unless appellee is in some manner protected by the statute just quoted he was guilty of an assault and battery upon appellant. The whole case hinges on whether he did in fact arrest appellant as contemplated by the statute. We are of the opinion that appellee's position is untenable on two grounds.

In the first place, appellee, by his own admission, did not seek and find appellant for the purpose of arresting the latter and bringing him to justice. His sole purpose was to find him and get his money he thought appellant had. He sought and found appellant with the sole purpose in view of getting his money back. Appellee testified that if he had gotten his money back nothing would have been done about it. It was only after appellee had shoved appellant back, made him empty his pockets, patted his pockets to see if there was any more money in them, and called appellant a son of a bitch, that appellee decided he would take appellant to the law for the purpose of sending him to the pen. This is not the act of a private citizen lawfully making an arrest of another under the statute. It was the act of a private citizen bent on taking the law into his own hands with no intent of bringing a criminal to justice. It was an

act calculated to lead to a serious breach of the peace, and cannot be condoned under the guise that he was exercising the right of a private citizen to arrest a felon on probable cause.

In the second place, appellee did not inform the accused of the object and cause of the arrest as required by the statute. The reason for this is obvious. He did not find appellant to arrest him, but to take from appellant the money appellee believed he had. 6 C. J. S., Arrest, Section 8, pages 605, 606; 4 Am. Jur., Arrest, Section 65, pages 43, 44. Cf. Hinton v. Sims, 171 Miss. 741, 158 So. 141.

■■■ Appellant was entitled to at least nominal damages. He should have been granted an instruction directing the jury to find for plaintiff on the issue of liability. The court also erred in not submitting to the jury the issue of punitive damages, and this should be done on remand.

■■■ However, upon a remand of this case, so that the jury may have the benefit of all the evidence, each party should be allowed to offer any evidence that would have been admissible on the first trial. In other words, the evidence on remand shall not be limited to the question of damages. The jury should have the benefit of all the facts.

For the reasons stated, the case is remanded for trial on the issue of damages only.

Reversed and remanded.

*McGehee, C. J.,* and *Hall, Holmes* and *Ethridge, JJ.,* concur.