BAUDRY, d.b.a. BAUDRY MECHANICAL CONTRACTOR *v.* FAULKNER CONCRETE PIPE CO.

No. 42393          October 15, 1962          145 So. 2d 468

*Rushing & Guice,* Biloxi, for appellant.

*White, Buntin & Martin,* Gulfport, for appellee.

MCELROY, J.

This is an appeal from a judgment of the Circuit Court of Harrison County, Mississippi, based on a verdict of the jury for the defendant, appellee, Faulkner Concrete Pipe Company, a corporation.

In the year 1959 appellant Clay Baudry, doing business as Baudry Mechanical Contractor, entered into a contract with the United States Government for the installation of certain sewerage mains at Keesler Air Base, Biloxi, Mississippi. The contract with the government included plans and specifications and appellant guaranteed that the pipe would not leak for one year. Appellee manufactured, sold and delivered to the job the pipe used by appellant in fulfilling the government contract. Appellee guaranteed that the pipe met the specifications of the government contract. Within one year the pipe leaked at several places and some of it was broken and otherwise damaged. Appellant was required under its contract to replace the pipe, which he did at a cost of $8500. He then sued appellee, claiming that the pipe did not meet the specifications and standards required by the government contract. On the other hand, appellee contended that the pipe was not properly installed, that it was caused to crack and leak because it was defectively installed, because of heat from water turned into the pipes, and because of a manhole settling approximately one foot. The factual issue was whether the pipe was defective as claimed by appellant, or whether the pipe cracked and leaked for other reasons.

The issues were presented to the jury on proper instructions and the jury returned a verdict for the defendant. The sole question, therefore, is whether the verdict was justified under the evidence or lack of evidence. Appellant contends he was entitled to a directed verdict.

■■ ■ A careful review of the evidence reveals that there was a direct conflict as to whether the pipe failed because it did not meet specifications, or whether it failed because it was improperly installed, or other reasons beyond the control of appellee, who manufactured the pipe. ■■ ■ We are of the opinion that it was clearly a case for the determination of the jury. A jury verdict will not be overturned unless it is against the great weight of the evidence, or unless some prejudicial error existed in the record. The verdict on facts will not be interfered with unless it can be said with entire confidence that the verdict is without substantial support of believable evidence, and where a case presents purely a question of fact and the jury decided the case on such disputed testimony, the judgment of the lower court should be affirmed and a jury verdict based on conflicting evidence will not be disturbed on appeal. Boroughs v. Oliver, 226 Miss. 609, 85 So. 2d 191; Tri-State Transit Co. v. Moore, 188 Miss. 722, 196 So. 231; Kelly v. State, 239 Miss. 705, 124 So. 2d 844; Schumpert v. Watson, 241 Miss. 199, 129 So. 2d 629.

We find no reversible error and the case is therefore affirmed.

Affirmed.

*McGehee, C. J., and Gillespie, Rodgers and Jones, JJ.,* concur.