INDEPENDENT LIFE & ACCIDENT INSURANCE COMPANY *v.*
MULLINS

No. 43414 April 5, 1965 173 So. 2d 663

*Watkins & Eager,* Jackson, for appellant.

*George B. Grubbs, George G. Williamson,* Mendenhall, for appellee.

INZER, J.

This suit was instituted by appellee, Mrs. Gloria J. Mullins, in the Circuit Court of Simpson County, against the appellant, Independent Life & Accident Insurance Company, whereby she sued to recover benefits under two policies of accidental death insurance. Appellee's declaration was divided into two counts. Under Count I she sought to recover as beneficiary under Policy No. 0053387A issued by appellant, under which her husband, James M. Mullins, Sr., was the insured. The policy provided for payment of $5,000 to the beneficiary in the event of the insured's accidental death. Under Count II she sought to recover as beneficiary in Policy No. 0053389Z, under which the appellant insured the life of appellee's husband for $1,000, but in the event that he met his death by accidental means the policy provided for double the amount of the face value. This is what is commonly known as a double indemnity policy.

The declaration further alleged that on July 2, 1961, while the policies were in full force and effect, that the said James M. Mullins, Sr. met his death as a result of having been accidentally killed by a highway patrolman when insured was not engaged in a felony or was not committing an assault, and was not the aggressor in the disturbance which resulted in his accidental death.

Appellant answered the declaration and admitted the issuance of the two insurance policies. It admitted that James M. Mullins, Sr. died on July 2, 1961, but denied

that it was liable under the provisions of the policy. As an additional defense to Count I of the declaration, appellant pled that the death of James M. Mullins, Sr. resulted from an assault in which he was an aggressor, and which he and his brother, Homer Mullins, committed upon a highway patrolman. It alleged further that the highway patrolman intentionally killed the deceased. Appellant alleged that these circumstances brought the death of the insured within the exceptions contained in the policy. In answer to Count II of the declaration, appellant alleged that the death came within the exceptions of this policy also, and further pled it had paid appellee $1,000 as death benefits and that she had accepted it as full settlement of the amount due.

A trial was had upon the issues raised by the pleadings, and the jury returned a verdict in favor of Mrs. Mullins for $6,000. A judgment was entered accordingly, and from this judgment the Independent Life & Accident Insurance Company has appealed to this Court.

 █ Appellant contends among other things that appellee failed to meet the burden of proof to show that the insured's death was accidental within the meanings of the policies. The fact that the insured was shot and killed by a patrolman is not disputed. There were only two living expenses to the shooting. They were the patrolman and Homer Mullins, brother of the deceased. The patrolman testified that he shot the insured because he and his brother, Homer Mullins, were committing an assault upon him, at a time when they were under arrest and being transported by him to jail. On direct examination, he testified that he intended to kill both men in order to protect himself. However, on cross-examination he admitted that he had testified in the case of State of Mississippi v. Homer Mullins, where Homer was tried for assault and battery with intent to kill and murder the patrolman, that when he shot he did not intend to hurt anyone, but was only trying

to get himself free and to protect himself. He then stated that was what actually happened, and that it was his testimony in this case also. This conflict in the testimony of the patrolman made it a question of fact for the jury to determine whether or not the patrolman intended to kill the insured at the time he shot and killed him. Hutson v. Continental Cas. Co., 142 Miss. 388, 107 So. 520 (1926); Provident Life & Acc. Ins. Co. v. McWilliams, 146 Miss. 298, 112 So. 483 (1927). The substance of Homer Mullins' testimony is to the effect that he and his brother left his home in Flora at about five o'clock in the afternoon on July 2, 1961 and were on their way to Greenwood at the time they were arrested by the patrolman. He admitted that he and his brother had been drinking on this day, that they started drinking beer that morning and at the time of their arrest each had consumed about eleven bottles of beer. They were arrested late that afternoon about three miles north of Tchula. They were riding in Homer's car and Homer was driving at the time the patrolman stopped the car and arrested Homer for driving after having had too much to drink. The patrolman had Homer to get into the patrol car, and put him on the left side behind the driver. The patrolman then arrested James and had him to get into the patrol car. James was sitting on the right side of the back seat. Homer testified that while on their way to Lexington he got the urge to catch hold of the patrolman, and he threw his arms around the patrolman's neck and told him to stop the car; that the car started switching around in the road and the patrolman drew his pistol and started firing before the car even came to a stop; that the patrolman emptied his gun firing both to the right and left of his head. Homer testified that his brother James had nothing to do with the assault and took no part in it; he said further that after the patrolman had emptied his gun that he, Homer, turned the patrolman loose,

and at that time he saw James slumped over in the right-hand corner of the car, partly on the seat and partly on the floor of the car. Homer testified that the patrolman then had him get out of the car; the patrolman handcuffed him and then struck him on the head with his gun, knocking him out; and the next thing he knew he was in the hospital at Lexington.

The jury in this case was called upon to determine from the testimony of these two witnesses, considered in the light of the other facts and circumstances in evidence, which version they would accept as being true. The court instructed the jury on behalf of both appellant and appellee that they, the jury, were the sole judges of the credibility of the witnesses and the weight and worth of their testimony; that the jury could take into consideration the interest, if any, of any witness, his relationship or connection with the parties in the case, his demeanor on the stand, and his opportunity of knowing and seeing the facts and conditions about which he testified. In response to this instruction the jury resolved the issues in favor of appellee. It is not the function of this Court to decide whether we would have reached the same conclusion that the jury did in this case. We might well have reached a different conclusion had we been trying the facts. We have said in numerous cases that where a case presents the jury a question of fact and the jury decides the case on disputed testimony the verdict of the jury will not be disturbed on appeal. Baudry v. Faulkner Concrete Pipe Co., 244 Miss. 669, 145 So. 2d 468 (1962); Schumpert v. Watson, 241 Miss. 199, 129 So. 2d 627 (1961); Boroughs v. Oliver, 226 Miss. 609, 85 So. 2d 191 (1956); Tri-State Transit Co. v. Moore, 188 Miss. 722, 196 So. 231 (1940); Mississippi Power & Light Co. v. Tripp, 183 Miss. 225, 183 So. 514 (1938).

Appellant contends that this Court should as a matter of law refuse to accept the testimony of

Homer Mullins although the jury saw fit to accept it as being true. Appellant contends that Homer Mullins was drunk and that his testimony is contradicted by other witnesses, and that he had an admitted interest in the case because he felt responsible for the death of his brother and wanted to help his brother's widow and children. We have considered these contentions in the light of other testimony in this case, and facts and circumstances in evidence, and we do not think this is a case where the Court should as a matter of law say the testimony is wholly unbelievable. The jury could accept or refuse testimony of this witness and give it such weight as they saw fit. The same was true relative to the testimony of the highway patrolman. It is the province of the jury to determine the weight and worth of testimony, and the credibility of the witness. Martin v. I.C. R.R., 246 Miss. 102, 149 So. 2d 344 (1963); Johnson v. Richardson, 234 Miss. 849, 108 So. 2d 194 (1959).

 ██ ██ It is a well settled rule of law in this state that a verdict of the jury based upon conflicting evidence will not be set aside upon appeal unless the evidence so strongly preponderates against the verdict to indicate the jury was moved by passion, prejudice or some other influence. When we apply this rule to the facts in this case we find no reason to set aside the verdict of the jury. Martin v. I.C.R.R., *supra;* Sansing v. Thomas, 211 Miss. 727, 52 So. 2d 478 (1951); Westbrook v. Corneil, 199 Miss. 118, 23 So. 2d 753 (1945).

 ██ Under Point 4 of its brief appellant contends that appellee failed to prove by competent evidence that insured was dead. Appellant apparently overlooks the fact it alleged in its answer, that James M. Mullins, Sr. died on July 2, 1961, as a result of being shot by the highway patrolman. This admission on the part of appellant made it unnecessary for appellee to offer any proof that the insured was dead. Appellant also over-

looks the testimony of appellee that her husband was dead and that he had died on July 2, 1961.

Appellant further contends under this same point that this case should be reversed and remanded for a new trial because the trial court erred in granting and refusing certain instructions. We have carefully read and considered the instructions in this case, and find that when they are read and considered together they correctly instruct the jury as to the law and all issues involved in this case.

After carefully considering the errors assigned, we find no reversible error in this record. Therefore the judgment of the trial court should be, and it is hereby affirmed.

Affirmed.

*Kyle, P. J., and Ethridge, Rodgers and Brady, JJ.,* concur.