SMITH, Justice.
This is an appeal by Hall Engineering and Construction Company, Inc., from a judgment in the amount of $4893.35 recovered against it by C. T. Jones, Jr., in the Circuit Court of Rankin County.
Hall Engineering had contracted with the Board of Supervisors of Rankin County to furnish labor and material for certain road construction. Jones sub-contracted portions of the work. Upon completion and acceptance of the jobs, and settlement therefor by the County with Hall Engineering as prime contractor, Jones demanded payment of the ten percent retained under the terms of his sub-contracts. Hall Engineering refused to pay, and Jones filed suit. Hall Engineering answered and filed a counter-action for sums claimed to have been necessarily expended to repair and complete the work sublet to Jones.
The errors assigned by appellant and urged as requiring reversal may be summarized as follows:
(1) The trial court erred in refusing to direct a verdict for appellant;
(2) The verdict of the jury was against the overwhelming weight of the evidence, is manifestly wrong and shows bias and prejudice for appellee and against appellant ;
(3) The trial court erred in overruling appellant’s motion to set aside the verdict;
(4) The trial court erred in refusing to grant appellant a new trial.
No question is raised on this appeal as to the admission or exclusion of evidence. All of the jury instructions requested by appellant were granted by the court and none of those granted appellee is challenged.
The case was tried before a jury and a great deal of evidence was adduced by each party. The evidence supporting ap-pellee’s contentions was in irreconcilable conflict with that offered by appellant.
A careful examination of the record discloses that only factual issues were presented by the evidence and the resolution of these was within the exclusive province of the jury. Faulkner v. Middleton, 186 Miss. 355, 188 So. 565 (1939), sug. of error overruled, 186 Miss. 365, 190 So. 910 (1939); Louisville & N. R. Co. v. Jones, 134 Miss. 53, 98 So. 230 (1923).
On appeal, in determining whether the evidence was sufficient to support the verdict of a jury, this Court will not interfere unless it can say with entire confidence that the verdict is without support of believable evidence. Tri-State Transit Co. v. Moore, 195 So. 696 (Miss. 1940), sug. of error overruled, 188 Miss. 722, 196 So. 231 (1940).
In this case, there was ample evidence to support appellee’s contention that *775 he had performed his contract and was entitled to the sums claimed. This evidence was not so unreasonable or unbelievable that the jury was not warranted in accepting it. This being so, the fact that it was disputed by appellant in some of its material aspects does not warrant a reversal of the jury’s verdict. Williams v. Clark, 236 Miss. 423, 110 So.2d 365 (1959); Cowart v. Pearl River Tung Co., 218 Miss. 472, 67 So.2d 356 (1953).
The case appears to have been fairly tried upon proper instructions. There was sufficient evidence to support the verdict of the jury; and that verdict and the judgment entered pursuant thereto should be, and are, affirmed.
Affirmed.
GILLESPIE, P. J., and BRADY, PATTERSON, and INZER, JJ., concur.