BROOM, Justice:
This is an appeal from the Circuit Court of George County, Mississippi, in which the jury returned a verdict against appellee Maxwell Howell, who had been sued by appellee J. R. Ferrill. In the suit the appellant Gentry was also a co-defendant to appellee Howell. After the jury found for the appellant and against his co-defendant Howell, the court set aside the verdict and entered judgment against both the appellant Gentry and the appellee Howell. We reverse in part, reinstate the jury verdict against appellee Howell only, and modify judgment accordingly.
The appellant was driving a motor vehicle southerly on Mississippi State Highway No. 63 on October 27, 1970 in the night time in George County, and south of the city limits of Lucedale, Mississippi. He was passed by another vehicle driven by appellee Howell. After passing appellant, *19 Howell began to slow down and gave a right turn signal. Then the appellant Gentry began to pass the Howell vehicle in the usual manner by entering the passing lane, at which time it appears that appellee Howell suddenly began a left turn instead of making a right turn as indicated by his signal. The vehicles collided.
In the collision the appellant lost control of his vehicle and it collided with the right side of a pickup truck owned by appellee Ferrill. Ferrill’s truck was parked off the highway by the north side of his residence. The appellant’s automobile continued its forward movement until it struck the north side of the Ferrill house. Ferrill brought suit against both the appellant Gentry and the appellee Howell as co-defendants in the same suit for property damages. At the time of the accident, it was a fair night, the highway was dry, and visibility was good.
It was appellee Howell’s version that some distance back up the highway he had passed the appellant and decided that he would turn around because he wanted to talk to appellant. Thinking that appellant would turn in behind h'im when he made his right turn, he gave the right hand signal but missed the place where he intended to turn to the right. Howell then decided to turn to the left at the place of the ap-pellee Ferrill. His rear view mirror was hanging down and had been inoperative for about a week. He stated that when he decided to turn to the left, he gave a'left blinker signal and turned left at the same time.
The proposition before us is whether or not the trial court erred in setting aside the jury verdict in favor of appellant and including the appellant as judgment debtor along with appellee Howell in the judgment in favor of appellee Ferrill for property damages. As a general rule a judge should not substitute his judgment for the finding of a jury simply because he would have decided the case differently. In order to justify a trial judge in setting aside a jury verdict, there must be before the court such a state of facts as to render the verdict unreasonable. Where there are conflicts in the testimony of witnesses, it is for the jury to pass upon the weight, worth and veracity of the witnesses, Grant’s Summary of Mississippi Law § 2590 at 572 (1969).
This Court dealt with The question of setting aside a jury verdict in Illinois Central Railroad v. Harrison, 224 Miss. 331, 80 So.2d 23 (1955). That case reiterated the general rule that no judge should substitute his judgment for that of the jury unless there was present a state o.f facts rendering unreasonable the jury verdict, or unless the record reveals that the verdict was the result of bias, prejudice, or corrupting influence.
According to the testimony of the appel-lee Howell, there is no question but that he intended to make a right hand turn (for which he signaled) when he suddenly realized that he had missed the place where he intended to turn. Then he immediately placed into operation his left blinker, indicating a left turn, and simultaneously turned to the left into the path of the passing automobile of the appellant. It is clear in the record that at the time appellant undertook to pass appellee Howell, he could see for a long distance ahead of him and was not confronted with any oncoming vehicle. Careful scrutiny of the testimony indicates that there are no substantial conflicts between the testimony of, appellant Gentry and the appellee Howell. There is no controversy about the amount of the damages suffered by appellee Ferrill to his property.
There is nothing present in this record to show that the verdict of the jury in favor of the appellant Gentry was unreasonable or that it was the result of any passion, prejudice or any other corrupting influence. Reasonable minds might differ as to whether or not the damages sought by appellee Ferrill were caused by negligence of appellant Gentry or appellee Howell, or *20 both of them, but it is not arguable here that there was no basis in the record upon which the jury could have reasonably and properly decided in favor of the appellant. The testimony of the appellant was substantiated by Dorothy Yvonne Stede who was riding in the vehicle with him. Both Miss Stede and the appellant testified that after the accident occurred, the appellee Howell stated to them that it was his fault.
The trial court in its opinion contained language that he found that the appellant Gentry and the appellee Howell were both guilty of negligence proximately causing the property damage. However, the court did not cite any particular statute as being violated.
Upon the state of the record before us, it is our opinion that there was no proper legal basis for the court .to substitute its judgment for that of the jury. This is true because there was before the jury substantial evidence to the effect that appellant was not at fault. The jury was vested with the right to accept or reject appellant’s version and chose to find for the appellant. There was nothing in the record indicating that the jury was moved or motivated by passion, prejudice or corruption. Substantial evidence was present to support its verdict. From the testimony and circumstances arose a classic jury question as to negligence and proximate cause. That is, it was for the jury to say whether or not the damages resulted from negligence on the part of the appellant Gentry or the appellee Howell or both of them. Absent any indication that the verdict in favor of the appellant resulted from bias, prejudice or corruption, our opinion is that the jury verdict in favor of Gentry and against Howell should not have been disturbed. Green v. Pendergraft, 253 Miss. 891, 179 So.2d 831 (1965); Independent Life & Acc. Ins. Co. v. Mullins, 252 Miss. 644, 173 So.2d 663 (1965); Martin v. I.C.R.R., 246 Miss. 102, 149 So.2d 344 (1963); Gibson v. A. P. Lindsey, Distrib., Inc., 233 Miss. 853, 103 So.2d 345 (1958). Accordingly, the judgment of the trial court is reversed in part or to the extent that the verdict of the jury is reinstated and judgment is modified so as to be against the appellee Howell only.
Reversed in part and judgment modified.
GILLESPIE, C. J., and SMITH, ROBERTSON and SUGG, JJ., concur.