369 So.2d 511 (1979)
C.B. BLACKWELL and Lavell Dinkins
v.
DAIRYMEN, INC.
DAIRYMEN, INC.
v.
Billy Joe McCUNE and DeSoto, Inc.
No. 51178.
Supreme Court of Mississippi.
April 11, 1979.
*512 Leon Mangum, Decatur, for appellants.
Watkins, Pyle, Ludlam, Winter & Stennis, William A. Pyle, Jackson, T. Kenneth Watts, Meridian, for appellee.
Before ROBERTSON, WALKER and LEE, JJ.
LEE, Justice, for the Court:
Dairymen, Inc. filed suit in the Circuit Court of Newton County against C.B. Blackwell and Lavell Dinkins, his driver, and DeSoto, Inc. and Billy Joe McCune, its driver, for damages to a truck owned by Dairymen, Inc., resulting from a collision between it and a truck owned by Blackwell. The damage to Dairymen, Inc.'s truck was stipulated at eight thousand six hundred ninety-two dollars thirty-four cents ($8,692.34), and the jury returned a verdict against all defendants in that amount. The trial judge sustained a motion of DeSoto, Inc. and Billy Joe McCune for judgment notwithstanding the verdict. Blackwell and Dinkins have appealed from liability in favor of Dairymen, Inc. and from the judgment notwithstanding the verdict in favor of DeSoto, Inc. and McCune. Dairymen, Inc. has appealed from the judgment notwithstanding the verdict.

I.  II.
Was the verdict of the jury in favor of Dairymen, Inc. against C.B. Blackwell and Lavell Dinkins contrary to the overwhelming weight of the evidence?
Did the trial court err in sustaining the motion of Billy Joe McCune and DeSoto, Inc. for a judgment notwithstanding the verdict?
The evidence is uncontradicted that on December 23, 1975, Lavell Dinkins was driving a tractor truck, loaded with seventy thousand (70,000) pounds of poles, in a southerly direction on Mississippi State Highway 15 near the south corporate limits of Union, Mississippi. Willie Barlow was driving a similarly loaded truck and was following Dinkins. The trucks stopped at a traffic signal just north of an overpass on said highway, then proceeded up an incline and down the southern slope of same. A road intersected the highway on the west a short distance from the crest of the incline. Dairymen, Inc.'s truck, driven by Leo Hammill, was proceeding in a northerly direction on said highway and the trucks were approaching each other.
Billy Joe McCune was driving a dump truck of DeSoto, Inc. in an easterly direction on the road intersecting from the west. He testified that he stopped at the intersection, there were no vehicles in sight approaching from the north, and that he drove into the highway and turned south.
*513 Dinkins and Willie Barlow testified, in substance, that as Dinkins approached the intersecting west road and at a time when his vehicle was so close as to constitute an immediate hazard, the DeSoto, Inc. truck, driven by Billy Joe McCune, suddenly emerged into the highway, and, in order to avoid a collision with the vehicle, Dinkins drove into the northbound lane of said highway where he collided the vehicle with a truck driven by Leo Hammill.
C.B. Blackwell and Lavell Dinkins contend that the negligence of DeSoto, Inc. and Billy Joe McCune, in suddenly driving into the highway from the west, was the sole proximate cause of the collision, while DeSoto, Inc. and Billy Joe McCune contend that Lavell Dinkins was driving the Blackwell truck at an unreasonable and excessive rate of speed and failed to have control of same. Dairymen, Inc. contends that negligence on all said parties was a contributing proximate cause of the collision and the resulting damage to Dairymen's truck.
On motion for directed verdict, all facts proved, together with reasonable inferences, are considered most favorable for the party against whom it is requested, and all evidence in conflict with the evidence of the party against whom it is requested is to be disregarded, and, if they are sufficient to support a verdict, the motion must be overruled. Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652 (Miss. 1975). The same principle applies on motion for judgment notwithstanding the verdict. Fortune Furniture Mfg. Co., Inc. v. Mid-South Plastic Fabric Co., 310 So.2d 725 (Miss. 1975); Gentry v. Ferrill, 288 So.2d 18 (Miss. 1974); Hawkins v. Hillman, 245 Miss. 385, 149 So.2d 17 (1963).
We are of the opinion that the evidence constituted an issue for the jury to determine as to liability against all the defendants and that the trial judge erred in sustaining the motion for judgment notwithstanding the verdict. Consequently, the judgment of the trial court is affirmed as to C.B. Blackwell and Lavell Dinkins, and is reversed as to DeSoto, Inc. and Billy Joe McCune. The verdict of the jury is reinstated as to DeSoto, Inc. and Billy Joe McCune, and judgment is entered here against all said defendants, jointly and severally.
AFFIRMED IN PART, REVERSED AND RENDERED IN PART.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.