KING, P.J.,
for the Court:
¶ 1. Nina Elisabeth Morgan, also known as Lisa McLain, received a student loan from Union Healthcare, Inc., which operated as the Laird Hospital in Union, Mississippi. Ms. McLain entered into a contract with Laird Hospital to repay the student loan in monthly increments and to work for the hospital for five years after graduation and certification as a nurse anesthetist. Later an addendum to the contract was executed which relieved Ms. McLain of her obligations under the contract in the event Margaret Muse,[1] the hospital vice-president and administrator, ceased to serve or be employed as administrator of the hospital.
¶ 2. In May of 1993, Ms. McLain quit her position at Laird Hospital as a nurse anesthetist. However, she continued to make her student loan payments. In March of 1994, Ms. Muse was removed as hospital administrator. Upon learning this fact, Ms. McLain ceased her student loan payments to the hospital.
¶ 3. Laird Hospital filed suit against Ms. McLain alleging that she owed over $40,-000 on her student loan. After a trial in this matter, the jury rendered a verdict for Ms. McLain. Laird Hospital’s motion for judgment notwithstanding the verdict and/or new trial having been denied, it now appeals the circuit court judgment and assigns six points of error:
I. MS. MCLAIN’S BREACH OF THE EMPLOYMENT CONTRACT ESTOPS HER FROM CLAIMING ANY BENEFITS UNDER THE EMPLOYMENT CONTRACT AND THE ADDENDUM THERETO AND DISCHARGES LAIRD HOSPITAL OF ANY FURTHER DUTIES OR OBLIGATIONS THEREUNDER.
II. UNDER MISSISSIPPI LAW, THE ADDENDUM IS INVALID AND NOT BINDING ON LAIRD HOSPITAL.
A. THE ADDENDUM WAS NOT SUPPORTED BY ANY NEW OR ADDITIONAL CONSIDERATION.
B. THE EXECUTED ADDENDUM WAS NOT DELIVERED TO LAIRD HOSPITAL.
C. THE ADDENDUM WAS EXECUTED THROUGH THE ULTRA VIRES ACT OF MARGARET MUSE, THE THEN ADMINISTRATOR OF LAIRD HOSPITAL.
III. THE CIRCUIT COURT ERRED IN REFUSING TO GRANT LAIRD HOSPITAL’S JURY INSTRUCTIONS NO. P-1A AND BY GRANTING MS. MCCLAIN’S JURY INSTRUCTIONS NO. D^4 AND D-9.
IV. THE CIRCUIT COURT ERRED IN OVERRULING LAIRD HOSPITAL’S MOTION FOR SUMMARY JUDGMENT.
V. THE CIRCUIT COURT ERRED IN OVERRULING LAIRD HOSPITAL’S MOTION FOR A DIRECTED VERDICT, PEREMPTORY INSTRUCTION AND MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT.
VI. REQUEST FOR AWARD OF ATTORNEY’S FEES INCURRED■IN HANDLING THIS APPEAL AND *1271 FOR THE AMOUNT WHICH SHOULD HAVE BEEN AWARDED IN THE COURT BELOW.
¶ 4. Finding no error, this Court affirms the circuit court judgment.

FACTS

¶ 5. In 1985, Lisa McLain began working for Laird Hospital in Union, Mississippi. She was employed at the hospital as a registered nurse until 1989. On April 14, 1989, Ms. McLain and Margaret Muse, the vice-president and administrator of Laird Hospital, signed a contract wherein the hospital agreed to give Ms. McLain a loan in the amount of $49,600 to attend school to become a certified registered nurse anesthetist. Laird Hospital made monthly disbursements of the student loan to Ms. McLain while she attended school.
¶ 6. Under the contract, Ms. McLain was obligated to repay the loan in monthly installments, including eight percent interest, over a period of ten years and work for the hospital for five years after her graduation and certification as a nurse anesthetist.
¶ 7. The contract released Ms. McLain from her obligations under the following conditions:
a. A breach of the contract by the hospital.
b. If Ms. McLain was terminated from employment without just cause or reasonable cause.
c. If any of the student loan payments were suspended or not paid by the hospital for any reason.
d. If the hospital was sold and the contract was not assumed by the new owner(s).
e. Upon the death of Ms. McLain or upon her medical or physical incapacity or inability to perform the contract, and
f. If the hospital terminated, voided, repudiated or rescinded the contract.
¶ 8. In August of 1991, Ms. McLain graduated from the nurse anesthetist program. In September of 1991, she began working for Laird Hospital as a certified registered nurse anesthetist and making her student loan payments.
¶ 9. In 1992, Bob Buchanan, the majority stockholder of the hospital, declared corporate bankruptcy. This action caused many hospital employees including Ms. McLain to question their job security. In an effort to assuage Ms. McLain’s concerns regarding the stability of the hospital and prevent her from leaving Laird Hospital to accept another employment offer, Ms. Muse agreed to an addendum to the original contract.
¶ 10. This addendum, which was executed on November 11,1992, in pertinent part provided:
The employment contact between [the] Hospital and Morgan [Ms. McLain] dated November 11, 1992, is hereby modified/amended by the addition and/or inclusion of the following in Paragraph 6 thereof, to-wit:
G. If Margaret Muse ceases, for any reason, during the term of this contract, to serve or be employed as Administrator of the Hospital.
It being the intent of the parties hereto that upon the occurrence of any one of the events stated in Paragraph 6 A though G, this contract and all terms and conditions thereof shall be null, void and terminated, as to both parties, in its entirety.
¶ 11. On May 1, 1993, approximately six months after having signed the addendum, Ms. McLain resigned. However, she continued to meet the monthly payment on her student loan.
¶ 12. On March 31, 1994, Ms. Muse was removed as hospital administrator. Upon learning that Ms. Muse had been removed, Ms. McLain ceased her student loan payments. She made her last payment in May of 1994.
¶ 13. In June of 1994, Ms. McLain received notice from Laird Hospital that her student loan was delinquent. Because she failed to make any additional payments, Laird Hospital filed a complaint against *1272 Mrs. McLain, alleging that it was owed $41,975.50 on this student loan, plus interest, attorney fees, and court costs.
¶ 14. On November 28, 1995, Laird Hospital filed a motion for summary judgment. The Neshoba County Circuit Court initially granted the motion, but subsequently overruled it.
¶ 15. In January of 1998, a trial was held and the jury rendered a verdict for Ms. McLain. Laird Hospital’s motion for judgment notwithstanding the verdict and/or new trial having been denied, it now appeals the circuit court judgment.

DISCUSSION

¶ 16. The question before this Court is whether the addendum to the contract was valid, and whether it absolved Ms. McLain of the obligation to repay the student loan despite having partially breached the contract.

Validity of the Addendum

¶ 17. Laird Hospital contends that the addendum to the contract was invalid because it was not supported by consideration.
¶ 18. “Under basic contract rules, there must be an offer and acceptance, and consideration.” Infinity Insurance Company v. Patel, 737 So.2d 366 ¶ 1 (Miss.Ct.App.1998). Consideration is the cause, motive, price, or impelling influence which induces a contracting party to enter into a contract. BLACK’S LAW DICTIONARY 306 (6th ed.1990). Some right, interest, profit or benefit must accrue to one party, or some forbearance, detriment, loss or responsibility must be given, suffered or undertaken by the other party. Id.
¶ 19. Both Ms. Muse and Ms. McLain testified that as consideration for the addendum, Ms. McLain agreed (1) to remain with Laird Hospital rather than accept other employment and (2) to forego a salary increase. Ms. Muse testified that it was important to maintain the service of Ms. McLain. Without the service of Ms. McLain, the physicians were unable to perform surgery. Ms. Muse testified that the imminent departure of Ms. McLain was a matter of great concern to the physicians who performed surgery at Laird Hospital. These physicians suggested that Ms. Muse undertake whatever steps were necessary to maintain the service of Ms. McLain.. This testimony provided a basis upon which a jury could reasonably find that Laird Hospital received consideration for the execution of the addendum.
¶ 20. Laird Hospital argues that the addendum was invalid because an actual physical copy of the agreement was not delivered to it prior to June, 1994. Whether an actual copy was delivered to Laird Hospital was a question of fact to be determined by the jury. However assuming the absence of actual physical delivery, what is necessary is that all parties have finally executed and accepted the terms of the contract. 17A AM.JUR. 2D Contracts § 16 (1991). Both Ms. Muse and Ms. McLain acknowledged mutual execution and acceptance of the terms of the addendum. Having received this information, the question of validity was one to be determined by a jury. Independent Life & Accident Insurance Co. v. Mullins, 252 Miss. 644, 650, 173 So.2d 663, 665 (1965).
¶ 21. Laird Hospital contends that Ms. Muse did not have the authority to bind the hospital in the addendum. Ms. Muse testified that she was basically the decision maker in the hospital, and did not always require the board of directors’[2] approval for her decisions.
¶ 22. Laird Hospital does not question Ms. Muse’s authority to enter into the original employment contract with Ms. McLain. The record reveals that evidence existed from which the jury could conclude that Ms. Muse retained the same authority to execute both the original contract and the addendum. Ms. Muse’s authority to bind the hospital in the addendum was a factual issue for the jury, and beyond the domain of this Court. Id.

*1273
Partial Breach of the Contract

¶ 23. The parties in the instant case do not argue that the original contract was invalid. This Court therefore views the obligations contained therein to be enforceable.
¶ 24. The contract obligated Laird Hospital to provide a student loan payable in monthly increments to Ms. McLain. The record reveals that these loan payments were provided by Laird Hospital to Ms. McLain. The contract also obligated Ms. McLain to work for five years and repay the student loan in monthly increments after her graduation and certification. The record reveals that Ms. McLain quit her position prior to the expiration of the five year employment term, but continued to make student loan payments until shortly after Ms. Muse’s departure from the hospital.
¶ 25. Ms. McLain failed to fulfill one of the two obligations provided in the contract. “In the absence of any specific provision in the contract-to the contrary, a breach which goes to only a part of the consideration, which is incidental and subordinate to the main purpose of the contract, and which may be compensated in damages, does not warrant rescission of the contract.” 17A AM.JUR. 2D Contracts § 578 (1991); UHS-Qualicare, Inc. v. Gulf Coast Community Hospital, 525 So.2d 746, 756 (Miss.1987).
¶ 26. Ms. McLain’s employment as a nurse anesthetist for five years was central to the object of the parties in making the contract. It was in Laird Hospital’s interest that Ms. McLain work at the hospital. However, it could not mandate that she do so. Such a mandate would have constituted involuntary servitude. Thompson v. Box, 147 Miss. 1, 112 So. 597, 599-600 (1927). Because Laird Hospital could not force Ms. McLain to perform as a nurse anesthetist, the obligation to repay the loan rather than the obligation to work became fundamental to the main purpose of the contract. Evidence existed in the record to support a jury finding that the contract was only partially breached by Ms. McLain’s early resignation, and therefore Laird Hospital’s remedy consisted only of the damages suffered therefrom. Rescission of the contract was not warranted.

Measure of Damages Associated with the Alleged Breach

¶ 27. This Court focuses next on the amount of damages owed to Laird Hospital. Laid filed suit to collect the unpaid student loan balance. Laird Hospital was entitled to receive damages from the point of Ms. McLain’s departure to Ms. Muse’s removal from the hospital.
¶ 28. Under the contract, Ms. McLain was obligated to work for Laird Hospital for five years and repay her student loan in monthly increments. She left her position before the expiration of the five year employment term, but continued to make payments on the student loan. When Ms. Muse was removed from the hospital, Ms. McLain discontinued her student loan obligations as authorized by the addendum. Under the addendum, Laird Hospital was not entitled to receive any payments beyond the date of Ms. Muse’s removal from the hospital. Ms. McLain having made payments up until Ms. Muse’s removal, Laird Hospital was therefore not entitled to any damages.

Jury Instructions

¶ 29. Laird Hospital contends that it should have been granted Jury Instruction P-1A, and that Jury Instructions D-4 and D-9 should not have been granted. This Court addresses each instruction below.

Instruction P-1A

¶ 30. Laird Hospital contends that it was entitled to receive Instruction P-1A because delivery is an essential element of contracting, and a contract is not binding unless it has been executed and delivered. The trial judge determined that Instruction P-1A, which attempted to define the legal term of delivery, was confusing.
¶ 31. Instruction P-1A reads as follows:
*1274 The Court instructs the jury that if you believe by a preponderance of the evidence that the addendum in question was not delivered to Laird Hospital after it had been executed by Lisa Morgan before a notary public, then Lisa Morgan is not entitled to any relief which she otherwise may have been entitled by virtue of the addendum had it been delivered to Laird Hospital after it was executed by Lisa Morgan and her signature thereon notarized.
¶ 32. Instruction P-1A attempts to wed the term delivery to the act of notarizing signatures. It is basic contract law that a contract does not have to be notarized to be valid. 17A AM.JUR. 2D Contracts § 16 (1991). The instruction was therefore confusing and inaccurate. Both Ms. McLain and Ms. Muse testified that each signed the contract before the other. The mutual execution of the contract in the presence of each other and final acceptance of its terms was sufficient to bind the parties. Nicholson v. U.S., 29 Fed.Cl. 180, 188 (1993).

Instruction D-I

¶ 33. Laird Hospital contends that Instruction D-4 should not have been granted because it presumes the addendum is valid and binding.
¶ 34. Instruction D-4 reads as follows:
The Court instructs the jury that if you believe from a preponderance of the evidence that on April 14, 1989, that Margaret Muse in her official capacity as Vice-president and administrator of Union Healthcare, Inc., d/b/a Laird Hospital, entered into a contract with Lisa McLain and the same constituted a legal and binding contract at that time and later on November 11, 1992, that the same parties entered into an addendum to the employment contract and that you further believe that such an addendum constituted a contract between the parties and that you further believe that on or about April 1, 1994, Mrs. Margaret Muse ceased serving as the administrator for Union Healthcare, Inc. d/b/a Laird Hospital and you further find that Lisa McLain made payments under the contract through April 1, 1994, and that as such Lisa McLain fulfilled her obligations as set forth under the original contract of April 14, 1989, and the addendum thereto of November 11, 1992, then it is your sworn duty to return a verdict for the Defendant, Lisa McLain.
¶ 35. Laird’s argument regarding Instruction D—4 is without merit. This instruction does not presume that the addendum is valid. It merely sets out Ms. McLain’s defense that if the jury considered both the addendum and the contract to be valid, she had fulfilled her obligations under the contract after having made student loan payments past Ms. Muse’s departure date.

Jury Instruction D-9

¶ 36. Laird Hospital finds error in Instruction D-9 alleging that there was no evidentiary basis to support it. Specifically, Laird Hospital argues that no witnesses, including Ms. McLain, testified that they were familiar with business practices. Laird Hospital argues further that the instruction was peremptory in nature because as long as Ms. McLain believed that Ms. Muse had the authority to execute the addendum and relied thereon to her detriment, the jury would have to render a verdict for Ms. McLain.
¶ 37. Instruction D-9 reads as follows:
The Court instructs the Jury that if the Jury finds by a preponderance of the evidence that the acts of conduct of Union Healthcare, Inc. d/b/a Laird Hospital were such that a reasonable person familiar with business practices would believe Margaret Muse had the authority to execute a binding addendum to an employment contract on the behalf of Union Healthcare, Inc., d/b/a Laird Hospital and that Lisa McLain suffered detriment as a result of her reliance, you must find for the Defendant, Lisa McLain.
*1275 ¶ 38. Instruction D-9 correctly states the law concerning apparent authority. Christian Methodist Episcopal Church v. S & S Construction Co., Inc., 615 So.2d 568, 572 (Miss.1993). It speaks to whether a reasonable person familiar with business practices would have believed Ms. Muse to have had the authority to bind the hospital in the addendum, rather than whether Ms. McLain would have been familiar with such practices and thereafter believed Ms. Muse to possess the authority to act. Regarding the direct actions of Ms. McLain, the jury was properly instructed to consider whether she relied to her detriment on Ms. Muse’s authority to execute the contract. Laird Hospital’s argument is without merit.

Motion for Summary Judgment

¶ 39. Laird Hospital contends that its motion for summary judgment should have been granted.
¶ 40. This Court employs a de novo standard when reviewing a lower court’s grant of a summary judgment motion. Short v. Columbus Rubber & Gasket Company, Inc., 535 So.2d 61, 63 (Miss.1988). We must review all evidentiary matters before us in the record: affidavits, depositions, admissions, interrogatories, etc. The evidence must be viewed in the light most favorable to the non-moving party, and the non-moving party is to be given the benefit of every reasonable doubt. Smith v. Sanders, 485 So.2d 1051, 1054 (Miss.1986). The burden of demonstrating that no genuine issue of fact exists falls on the party requesting summary judgment. Short v. Columbus Rubber and Gasket Co., 535 So.2d 61, 63-64 (Miss.1988). However, this burden on the moving party is one of production and persuasion, not of proof. Fruchter v. Lynch Oil Co., 522 So.2d 195, 198 (Miss.1988). Ultimately, the granting of summary judgment lies only where there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. M.R.C.P.56(e).
¶41. The parties in the instant case disputed whether Ms. Muse had the authority to execute the addendum. Because material disputes of fact clearly existed, the trial court properly denied Laird Hospital’s motion for summary judgment.

Motions for Directed Verdict, Judgment Notwithstanding the Verdict, and Peremptory Instruction

¶ 42. Laird Hospital contends that its motions for directed verdict and judgment notwithstanding the verdict and a peremptory instruction should have also been granted.
¶ 43. In appeals from an overruled motion for directed verdict, judgment notwithstanding the verdict, and a peremptory instruction, this Court’s scope of review is limited. We consider the evidence in the light most favorable to the appellee, giving the party the benefit of all favorable inferences that may reasonable be drawn from the evidence. If the facts so considered point so overwhelmingly in favor of the appellant that reasonable men could not have arrived at a contrary verdict, we are required to reverse and render. On the other hand, if there is substantial evidence in support of the verdict, that is, evidence of such quality and weight that reasonable and fair minded jurors in the exercise of impartial judgment might have reached difference conclusions, affirmance is required. Fitzner Pontiac-Buick-Cadillac, Inc. v. Smith, 523 So.2d 324, 326 (Miss.1988).
¶ 44. Considering the evidence in the light most favorable to Ms. McLain, this Court finds that substantial evidence supported the jury verdict. The trial court did not abuse its discretion in denying Laird Hospital’s motions or the peremptory instruction.

Attorney’s Fees

¶45. Laird Hospital having been afforded no relief at the trial court or in this appeal, attorney’s fees are accordingly not warranted. Finding no error in the instant case, this Court affirms the circuit court judgment.
*1276 ¶ 46. THE JUDGMENT OF THE NESHOBA COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.
McMILLIN, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SOUTHWICK, P.J.
MOORE, J., NOT PARTICIPATING.

. In addition to being hospital administrator, Ms. Muse owned twenty-five percent of the hospital’s corporate stock.

. The Board of Directors was comprised of Mrs. Muse and Bob Buchanan.