MYERS, J.,
for the court.
¶ 1. Kevin Favre was involved in an altercation with Steven Carver at the Wal-Mart Auto Service Center in Waveland, Mississippi on July 17, 1991. At the time of the altercation, Favre was employed in the auto service center and was there off-duty having work done on a relative’s vehicle. Carver also worked for Wal-Mart in the auto service center and was on duty at the time of the altercation. Carver and Favre engaged in fisticuffs which had to be broken up by other Wal-Mart employees. As a result of this altercation, both Carver and Favre were terminated from employment with Wal-Mart Stores, Inc. Favre filed suit against both Carver and Wal-Mart alleging that Carver assaulted him during the course and scope of his employment with Wal-Mart. Favre also sued Wal-Mart for wrongful termination. The trial court granted summary judgment in favor of Wal-Mart on both issues finding that there was no genuine issue of material fact to be adjudicated. Favre later settled his claims against Carver and dismissed the lawsuit. Aggrieved by the trial court’s decision granting summary judgment in favor of Wal-Mart, Favre perfected this appeal contending that genuine issues of material fact exist concerning Wal-Mart’s liability under theories of respondeat superior and wrongful termination.
*773 LEGAL ANALYSIS
¶ 2. Orders granting summary judgment are subjected to de novo review. Dailey v. Methodist Med. Ctr., 790 So.2d 903, 907(¶3) (Miss.Ct.App.2001). Accordingly, all evidence is viewed in the light most favorable to the non-moving party and the party is given the benefit of every reasonable doubt. Id. The burden to show that no genuine issue of material fact exists is on the moving party. Id. A material fact is a factual issue “that matters in an outcome determinative sense.” Id. All questions of law are also reviewed pursuant to the de novo standard. Donald v. Amoco Prod. Co., 735 So.2d 161, 165(¶7) (Miss. 1999). With these standards in mind, we look to the issues raised to determine whether a genuine issue of material fact exists.
1. WHETHER FAVRE’S APPEAL WAS TIMELY FILED.
¶ 3. Wal-Mart contends that the appeal filed by Favre was untimely filed. Wal-Mart’s motion for summary judgment on the issue of assault was granted on September 12, 1997. Wal-Mart’s motion for summary judgment on the issue of wrongful termination was granted on February 1, 2000. The lawsuit was finally dismissed on April 25, 2001. Favre filed his notice of appeal on May 1, 2001. A notice of appeal must be filed within thirty days from the date of the entry of the judgment appealed from. M.R.A.P. 4(a). A judgment is any final decree or order from which an appeal lies. M.R.C.P. 54(a). In the case of lawsuits involving multiple parties and issues as are presented here, the trial court may make an entry of final judgment as to one or more parties or issues “only upon an expressed determination that there is no just reason for delay and upon an' expressed direction for the entry of the judgment.” M.R.A.P. 54(b). Absent said expressed determination and direction, any order that adjudicates the rights of one or more parties or issues but not every party or all issues does not terminate the lawsuit as to any of the parties or issues because the order is subject to revision and not deemed final until the order adjudicating the rights of all the parties or all issues is entered. M.R.A.P. 54(b).
¶ 4. The trial court while determining that Wal-Mart was not liable under either theory presented’ by Favre did not enter a final judgment in favor of Wal-Mart. The judgment entered in favor of Wal-Mart was subject to revision and did not become final until the trial court entered its order of final judgment dismissing, the entire lawsuit on April 25, 2001. Favre had thirty days from the entry of order of final judgment to file his notice of appeal. M.R.A.P. 4(a). Favre timely filed his notice of appeal on May 1, 2001. The appeal is properly before this Court.
2. WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF WAL-MART ON THE ISSUE OF RE-SPONDEAT SUPERIOR.
¶ 5. Favre first contends that the trial court erred when it granted summary judgment in favor of Wal-Mart on the issue of Wal-Mart’s liability for the actions of its employee, Carver. Carver was on duty at the time of the altercation with Favre. The employer is responsible for the torts of its employee only when the torts are “committed within the scope of the employment.” Odier v. Sumrall, 353 So.2d 1370, 1372 (Miss.1978). . “The test used in determining whether an employee’s tortious act is within the scope of-his employment is whether it was done in the course of and as a means to the accomplishment of the purposes of the employment and therefore in furtherance of the *774 master’s business.” Id. In order for Wal-Mart to not be liable for the actions of Carver in the altercation, Carver in fighting with Favre must have “abandoned his employment and was about some purpose of his own not incidental to the employment.” Id.
¶ 6. Carver was employed as an attendant in the auto service center. Nothing in Carver’s job description required- him to involve himself m altercations with other employees or- patrons. Carver was clearly acting for his own purposes and not incidental to his employment with Wal-Mart when he involved himself in the altercation with Favre. Wal-Mart is not responsible or liable for Carver’s actions during his altercation with Favre. Accordingly, this issue does not present a genuine issue of material fact for a jury to determine. Summary judgment was proper on this issue.
3. WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF WAL-MART ON THE ISSUE OF . WRONGFUL TERMINATION.
¶ 7. Favre’s final contention of error concerns whether summary judgment was properly awarded to Wal-Mart on the issue of wrongful termination. At the time of-the altercation, Favre was employed by Wal-Mart. Upon hiring Favre, Wal-Mart presented him with an employee handbook that explained the company’s policies and ■procedures. The employee handbook contained within it a section concerning the new-hire period of ninety days in which the company evaluates the employee. The employee handbook provides that completion of the new-hire period does not terminate the at-will employment status of the employee. The at-will employment relationship between Wal-Mart and its employee is further confirmed by an acknowledgment each employee is required to sign. Favre contends that successful completion of the new-hire period requires Wal-Mart to follow certain disciplinary procedures before actually terminating an employee thus destroying the at-will employment status and creating a contractual employment relationship.
¶ 8. Disclaimers in employee manuals such as the acknowledgment signed by Favre that have the “purpose of preserving the employment at will relationship cannot be ignored.” McCrory v. Wal Mart Stores, Inc., 755 So.2d 1141, 1145(¶ 16) (Miss.Ct.App.1999). The acknowledgment must be given legal effect. Id. Favre was an at-will employee, meaning the employment relationship between Favre and Wal-Mart could be terminated by either party at any time for any reason. Wal-Mart’s choice to terminate Favre for his involvement in the altercation with Carver was legally permissible. Summary judgment was proper on this issue as Favre failed to present any genuine issue of material fact.
CONCLUSION
¶ 9. The granting of summary judgment in favor of Wal-Mart was proper. There was no genuine issue of material fact presented on the issue of respondeat superior as Carver’s actions were clearly beyond the scope of his employment with Wal Mart. Favre also failed to present any genuine issue of material fact on the issue of wrongful termination. Favre signed an acknowledgment that stated in pertinent part that nothing in the employee handbook destroyed the at-will status of his employment with Wal-Mart.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF HANCOCK COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*775 McMILLIN, C.J., KING AND SOUTHWICK, P JJ., BRIDGES, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR. THOMAS, J., NOT PARTICIPATING.